JOSE F. LEON, PLAINTIFF, v.
MARIO FEBBRARO, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 21, 1978.

206

Mr. *John J. Hennesey* for plaintiff *(Mr. Leonard J. Alta-mura,* attorney).

*Mr. Martin B. Wallerstein* for defendant (*Messrs. Morgan, Melhuish, Monaghan* and *Spielvogel,* attorneys).

BILDER, J. S. C. This is a motion brought by a defendant to dismiss a motor vehicle personal injury complaint for lack of jurisdiction or, alternatively, on the ground that the cause is barred by the statute of limitations.

On September 16, 1977 plaintiff, then a resident of Florida, commenced an action against defendant, a resident of New York, for damages arising out of an automobile accident which occurred in New York on July 28, 1975. Apart from the fact that plaintiff was a temporary resident of New Jersey at the time, this State had no connection with the accident. Unquestionably this was an inappropriate forum, and absent a voluntary submission, jurisdiction did not lie. Unfortunately for defendant, however, such a submission was made, for on March 18, 1978 defendant filed an answer which did not deny jurisdiction — a general appearance. By so doing defendant cured any defect in either the service or the jurisdiction. See *R.* 4:6–3. His attempt to reserve the right to attack jurisdiction by amending his answer some seven months later comes too late — our rules require the defense to be asserted in the answer and moved upon within 90 days. *R.* 4:6–3; *Raskulinecz v. Raskulinecz,* 141 *N. J. Super.* 148 (Law Div. 1976). And so, also, with his belated attempt to challenge the service.[1]

Defendant also contends the action is barred by the statute of limitations. *N. J. S. A.* 2A:14–2. Plaintiff admits that suit was not instituted until almost 26 months after the accident, but contends that the limitation period was tolled by *N. J. S. A.* 2A:14–22, which reads as follows:

---

[1] Although the issue is mooted by defendant's general appearance, it should be noted that the service, assuming New Jersey had jurisdiction, appears to comply with the requirements of *R.* 4:4–4 and due process.

*If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8,* or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, *is not a resident of this state when such cause of action accrues,* or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, *the time or times during which such person* or surety *is not residing within* this state or such corporation or corporate surety is not so represented within this state *shall not be computed as part of the periods of time within which such an action is required to be commenced by the section.* The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation. [Emphasis supplied]

■ If *N. J. S. A.* 2A:14–22 applies in the instant case, it would serve to toll the limitation period for as long as the defendant is not a resident of this State. *Lemke v. Bailey,* 41 *N. J.* 295 (1963). However, the benefit of this tolling statute where the accident occurred out-of-state is limited to New Jersey residents; it is not available to a nonresident plaintiff. *Marsh v. Davis,* 99 *N. J. Super.* 130 (Law Div. 1968); *Zwillenberg v. Post,* 293 *F.* 2d 199 (3 Cir. 1961).

While the foregoing principles are well established, their application to the instant case present novel questions as to who is a resident within the meaning of the statute and the effect upon the tolling period of a subsequent change in the plaintiff's residence status.

The information furnished to the court with respect to plaintiff's residency is at best sketchy. Although affidavits have been furnished by both sides, they are made by the attorney and do not comply with *R.* 1:6–6. Also see *R.* 4:46–5 (a). A reading of the depositions, however, discloses that at the time of the accident plaintiff maintained a residence in

Florida where he lived with his wife and daughter; he had
been temporarily transferred by his employer, Eastern Air-
lines, to work as a ramp man at Kennedy Airport; during
the four or five months that he was so engaged he lived with
his mother in Union City, visiting his family in Florida from
time to time on his days off; the accident occurred on July
28, 1975, and plaintiff finally returned to Florida in Sep-
tember 1975 when he was retransferred by his employer. At-
tached to motion papers in the file has been found a partial
set of answers to interrogatories which disclose that plaintiff
returned to Florida sometime after September 1 and before
September 25.

### Was Plaintiff a Resident within
### the Meaning of *N. J. S. A.* 2A:14–22?

While the term "resident" may have many meanings
in varying usages, its meaning within *N. J. S. A.* 2A:14–22
must be determined from the purpose and context of that
statute. See *Collins v. Yancey,* 55 *N. J. Super.* 514, 518
(Law Div. 1959). As noted by the Third Circuit Court of
Appeals in *Zelson v. Thomforde,* 428 *F.* 2d 1360 (1970):

> We think, as did the Court of Errors and Appeals [in *Shapiro
> v. Friedman,* 132 *N. J. L.* 456 (E. & A. 1945)], that it is fair
> to assume that in enacting the tolling statute the Legislature was
> intent on protecting New Jersey residents who had New Jersey
> claims against nonresident debtors from having to go to foreign
> jurisdictions to enforce their claims. [at 1362]

Residence in this context means sufficient presence in this
State to justify the use of a New Jersey address in a com-
plaint. This means far less than *domicile,* which turns less
on presence than intent — see discussion in *Collins v. Yan-
cey, supra,* 55 *N. J. Super.* at 520–521 — yet more than a
transient presence. See *Id.* at 522.

The issue of residence is one for court determina-
tion. *Giacobbe v. Gassert,* 51 *N. J. Super.* 111, 119 (App.
Div. 1958), rev'd on other grounds 29 *N. J.* 421 (1959).

Here plaintiff was not a traveller passing through the State nor on a transient visit but was temporarily living with his mother in Union City for the four or five-month period his employment duties required. I conclude, therefore, that on the undisputed facts disclosed by the deposition, plaintiff was a resident of this State within the meaning of *N. J. S. A.* 2A:14–22.

### Did the Tolling Cease When Plaintiff Terminated His Temporary Residence and Returned to His Marital Home in Florida?

As noted, the tolling statute was intended to protect New Jersey residents. When plaintiff terminated his temporary New Jersey residency in September 1975 and returned to his marital home in Florida, he was no longer within the protected class and the tolling ceased. This conclusion is compelled by the logic of the situation. If the tolling did not so cease, the statute of limitations would never expire in New Jersey with respect to this controversy between nonresidents involving a dispute with which New Jersey has no connection. We would become a fortuitous haven for stale claims. See *Marsh v. Davis, supra,* 99 *N. J. Super.* at 134.

It should also be noted that the policy of the statute of limitations — *i. e.,* to put a rest to stale claims — requires that the exception carved out by *N. J. S. A.* 2A:14–22 for the benefit of New Jersey residents be strictly construed.

As noted, plaintiff terminated his temporary New Jersey residence sometime between September 1 and September 25, 1975. The complaint was filed September 16, 1977. Whether the statute has run depends upon whether the complaint was filed within two years of the date plaintiff left this State. This fact is not available to the court and thus the matter is not ripe for summary judgment. See *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N. J.* 67, 73–75 (1954).

Defendant's motion is denied without prejudice.