VIRGINIA LIME COMPANY, Appellee,

v.

CRAIGSVILLE DISTRIBUTING COMPANY, INC., Appellant.

No. 80–1662.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 10, 1981.

Decided Feb. 19, 1982.

Marvin W. Masters, Charleston, W. Va. (Masters & Taylor, Charleston, W. Va., on brief), for appellant.

Stephen M. Hodges, Abingdon, Va. (Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and BUTZNER and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

This is an appeal from the district court's denial of a motion by Craigsville Distributing Company, Inc. (Craigsville Distributing) to set aside a default judgment obtained by Virginia Lime Company (Virginia Lime). Craigsville Distributing contends that service of process was not valid under the Virginia long-arm statute or the due process clause of the Fourteenth Amendment because Virginia Lime failed to mail the notice to Craigsville Distributing's "last

known address." We find that process was properly served pursuant to the Virginia long-arm statute and that this service satisfied due process notice requirements. Accordingly, we affirm.

I.

On May 9, 1979, Virginia Lime, a Virginia corporation, filed an action against Craigsville Distributing, a West Virginia corporation, in the United States District Court for the Western District of Virginia.[1] Pursuant to the Virginia long-arm statute,[2] Virginia Lime served the Secretary of Virginia who then forwarded the Summons and Complaint by certified mail, return receipt requested, to "Craigsville Distributing Company, Inc., c/o Bernard L. Coffindaffer, President, P. O. Box 567, Cabin Creek, West Virginia, 25305." Mrs. Maxine Matics, Mr. Coffindaffer's secretary at the Cabin Creek office, refused to sign for the registered letter because it was addressed "c/o Bernard L. Coffindaffer," and it was returned to the Secretary marked "refused," "return to sender." Virginia Lime subsequently obtained a default judgment against Craigsville Distributing for $203,478.22 plus court costs.

The events which led to the "refusal" of the process arose from the fact that at the time the registered letter was sent, Craigsville Distributing maintained an office in Cabin Creek, West Virginia and another office approximately 75 miles away in Craigsville, West Virginia. The president of Craigsville Distributing, Mr. Bernard L. Coffindaffer, lived and maintained his of-

---

1. Virginia Lime sought $203,478.22 allegedly owed on an account arising from the purchase of goods in Giles County, Virginia.

2. The Virginia long-arm statute, Va. Code § 8.01–329, provides in pertinent part:

Service of such process or notice on the Secretary shall be made by leaving a copy of the process or notice, together with the fee prescribed in § 14.1–103 in the hands of the Secretary or in his office in the City of Richmond, Virginia and such service shall be sufficient upon the nonresident, provided that

notice of such service and a copy of the process or notice are forthwith sent by registered or certified mail, with delivery receipt requested, by the Secretary to the defendant or defendants at such defendant's or defendants' last known post-office address, and an affidavit of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action.

fice in Craigsville. Craigsville was listed with the West Virginia Secretary of State as the principal office of Craigsville Distributing and Mr. Coffindaffer conducted all of the major business out of this office.

The Cabin Creek office, however, handled all of the paperwork, including invoices for purchases and deliveries. Mr. Coffindaffer authorized Mrs. Matics to run the office and communicated with her on a daily basis. She was advised to forward to Craigsville all "pertinent" mail addressed to Mr. Coffindaffer. Her practice was to accept registered or certified mail addressed to Craigsville Distributing but not to accept Mr. Coffindaffer's "personal mail." Mrs. Matics notified Mr. Coffindaffer during their daily conversations of any mail she had refused.

Although Virginia Lime was aware that Mr. Coffindaffer lived in Craigsville when process was served,[3] it listed Cabin Creek as the last known address of Craigsville Distributing because the parties had been corresponding through the Cabin Creek office at the time process was issued. In its order denying the motion of Craigsville Distributing to set aside the default judgment, the district court found that service of process was proper under both Virginia and federal law because process had been served at Craigsville Distributing's last known address.

II.

Virginia's long-arm statute, Va. Code § 8.01–329, provides that service of process is sufficient under the statute when notice of the service and a copy of process are sent by registered or certified mail to the defendant's "last known address." Craigsville Distributing argues that Craigsville, and not Cabin Creek, was its "last known address" within the meaning of the statute and that service of process at the Cabin Creek office was constitutionally inadequate because Virginia Lime had actual knowledge that Mr. Coffindaffer lived and maintained his office in Craigsville.

█ Neither Virginia's long-arm statute nor Virginia case law provides guidance for construing the phrase "last known address." We believe, however, that the last known address requirement is satisfied when process is sent to the address at which the parties regularly corresponded by mail, and the party serving process reasonably could expect that process would reach the defendant at that address. *See Wagner v. United States,* 473 F.Supp. 276 (E.D.Pa. 1979). This construction of the statutory phrase "last known address" comports with the constitutional standard of notice set forth in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Under the *Mullane* test, a statutory method of notice is constitutionally adequate if it is "reasonably calculated to reach interested parties." 339 U.S. at 318, 70 S.Ct. at 659. Determining whether service of process was reasonably calculated to reach a party involves analysis of the particular circumstances of each case. *See Techem Chemical Co. v. M/T Choyo Maro,* 416 F.Supp. 960, 968 (D.C.Md.1976).

█ In this case, service was sent by certified mail to "Craigsville Distributing Company, Inc., c/o Bernard L. Coffindaffer, President, P. O. Box 567, Cabin Creek, West Virginia, 25305." At that time, the most recent written correspondence between Craigsville Distributing and Virginia Lime had been through the Cabin Creek office. The last invoices from Craigsville Distributing to Virginia Lime were mailed in March 1979 and showed Cabin Creek as the return address. The most recent correspondence from Craigsville to Virginia Lime's parent corporation, dated April 4, 1979, was written on stationery with the Cabin Creek

---

**3.** When Mr. Coffindaffer moved to Craigsville in 1977, he notified Virginia Lime of this fact. He also had written to Virginia Lime from his Craigsville office a number of times in 1978 and had met with Virginia Lime employees there on at least one occasion.

letterhead.[4]  In light of these facts, we find that it was reasonable for Virginia Lime to conclude that Cabin Creek was the "last known address" of Craigsville Distributing for the purpose of mailing process.  *See Wagner v. United States*, 473 F.Supp. 276 (E.D.Pa.1979).

The fact that process was sent to Craigsville Distributing at the Cabin Creek office "c/o Bernard L. Coffindaffer, President," when Virginia Lime knew that Mr. Coffindaffer lived and maintained his office in Craigsville, is of no consequence in this case.  Mrs. Matics was authorized to accept the corporation's mail and had been advised to forward to Craigsville all "pertinent" mail addressed to Mr. Coffindaffer.  Although it was her practice not to accept Mr. Coffindaffer's "personal" registered mail, it is questionable whether the registered letter in this case can be satisfactorily characterized as "personal."  The letter was addressed to Craigsville Distributing Company, albeit in care of Mr. Coffindaffer.  Furthermore, it was Mrs. Matics' practice to notify Mr. Coffindaffer of any registered mail she had refused.

We have carefully reviewed the record and the applicable law as they pertain to the contentions of Craigsville Distributing and find that sending process to the Cabin Creek office was "reasonably calculated to reach interested parties."  *Mullane*, 339 U.S. at 318, 70 S.Ct. at 659.  Accordingly, the decision of the district court is affirmed.

---

**4.** Virginia Lime also submitted telephone records for February and March, 1979, which showed that it had made eighteen (18) calls to the Cabin, Creek office and no calls to the Craigsville address.