729 A.2d 1037

W.S. FREY COMPANY, INC., PLAINTIFF–RESPONDENT,
v. CLIFFORD J. HEATH, JR., DEFENDANT–
APPELLANT.

Argued May 4, 1999—Decided June 9, 1999.

*Mark L. Fleder,* argued the cause for appellant (*Connell Foley & Geiser,* attorneys; *Mr. Fleder* and *Maureen McLoughlin,* on the briefs).

*Robert A. Maren,* argued the cause for respondent (*Maloney and Katzman,* attorneys).

PER CURIAM.

We granted certification, 157 *N.J.* 540, 724 *A.*2d 800 (1998), to review a judgment of the Appellate Division that had reinstated a complaint on a foreign judgment of the State of Virginia. Although the Virginia suit was initiated in 1980, default judgment was not entered until 1991. The $672,746.68 judgment (plus interest) is against a New Jersey corporation, Precipitation Associates of America, Inc. (PAA), which no longer exists, and one of its principal officers, Clifford J. Heath, Jr. (Heath). The suit in New Jersey is against the individual. The case concerns PAA's sale of an air pollution control system in 1978 to a corporation in Virginia, plaintiff W.S. Frey Company, Inc. (Frey), which was engaged in the production of limestone and limestone products.[1] As part of its mandate, the Appellate Division directed the Law Division to conduct a plenary hearing on the issue of proper notice to defendant and whether defendant had a fair opportunity to be heard. Our order granting certification partially remanded the matter to the Law Division to permit it to conduct the proceedings ordered by the Appellate Division. Following an extensive hearing, the Law Division submitted detailed findings of fact and

---

[1] Although Heath asserts that the contract only required PAA to design and supply a "venturi," which is a "very small component" of the system, the purchase order from PAA refers to an "air pollution control system." Prior to the default judgment, a settlement was reached between Frey and William Ward IV, an engineer and sales representative from Ward Engineering Equipment Co. who had facilitated the business arrangement between Frey and PAA.

conclusions of law. It recommended that full faith and credit not be afforded to the Virginia judgment.

The federal constitution requires that we give full faith and credit to the Virginia judgment if it was obtained with the due process of the law. *See U.S. Const.* art. IV, § 1. We find that an unusual combination of circumstances not likely to recur produced an absence of due process in obtaining the judgment.

First, the liability of the individual defendant is predicated on *Va. Ann.Code* § 13.1–119, a since-repealed Virginia statute that made the officers of a foreign corporation personally liable for the debts of the corporation if the corporation had not obtained a certificate of authority prior to engaging in business in the state. *Cf. Coons v. American Honda Motor Co.,* 94 *N.J.* 307, 463 *A.*2d 921 (1983) (invalidating statute that deprived unregistered foreign corporation of benefit of forum's statute of limitations), *on reh'g,* 96 *N.J.* 419, 476 *A.*2d 763 (1984), *cert. denied,* 469 *U.S.* 1123, 105 *S.Ct.* 808, 83 *L. Ed.*2d 800 (1985).

■ Second, although due process of law does not require personal service of process or even actual notice of suit, "[s]ervice . . . must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that [the defendant] may take advantage of the opportunity to be heard in [preparing a] defense." *Mariash v. Morrill,* 496 *F.*2d 1138, 1143 (2d Cir.1974) (citing *Hanson v. Denckla,* 357 *U.S.* 235, 245, 78 *S.Ct.* 1228, 1235, 2 *L.Ed.*2d 1283, 1293 (1958)) (additional citations omitted).

■ In this case, "notice [was not] reasonably calculated under all the circumstances, to apprise interested parties of the ·pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 *U.S.* 306, 314, 70 *S.Ct.* 652, 657, 94 *L.Ed.* 865, 873 (1950) (citations omitted). "[U]nless the [defendant] is not reasonably identifiable, constructive notice alone does not satisfy the mandate of Mullane." *Mennonite Bd. of Missions v. Adams,* 462 *U.S.* 791, 798, 103 *S.Ct.* 2706, 2711, 77 *L.Ed.*2d 180, 187 (1983).

■ The Virginia long-arm statute that allows substituted service by mail on absent defendants requires service to be made at the "last known post-office address of *such person* [.]" *Va. Ann. Code* § 8.01–329 C (emphasis added). "Since due process concerns underpin effective service of process, compliance with the statutory provision is mandatory." *Philipp Bros. (Cocoa), Inc. v. M/V Ocea*, 144 *F.R.D.* 312, 314 (E.D.Va.1992) (citing *Virginia Lime Co. v. Craigsville Distrib. Co.*, 670 *F*.2d 1366 (4th Cir.1982)). The notice to Heath was mailed to Railroad Avenue, the last known post-office address of PAA, the corporation, not the last known address of "such person," defendant Heath. The signature on the certified mail receipt was plainly not that of Heath. No effort was made to confirm that Heath received the notice. The Law Division has found as a fact that Heath had no actual notice of the Virginia litigation.

■ "That the notice was sent ... does not answer the question of whether the means employed for transmittal of the notice was constitutionally sufficient." *Miserandino v. Resort Properties, Inc.*, 345 *Md.* 43, 691 *A*.2d 208, 215 (Md.), *cert. denied, Resort Properties, Inc. v. Miserandino*, —— U.S. ——, 118 *S.Ct.* 376, 139 *L. Ed.*2d 292, *cert. denied sub nom. Commonwealth Sec. of Va. v. Miserandino*, —— U.S. ——, 118 *S.Ct.* 397, 139 *L.Ed.*2d 310 (1997). Certified mail is considered a reliable method of notification because delivery may be restricted to the addressee or an authorized agent. When "a return that includes a postal receipt bearing the signature of the defendant or his authorized agent and a copy of the process that was mailed is filed, [ ] the court can proceed with a high level of confidence that the requisite notice has been given." *Ibid.* Here, that confidence is lacking because the individual who signed the postal receipt was not an authorized agent or even an employee of Heath.

■ Considering the ease with which plaintiff in this case could have obtained defendant's actual address, and the existence of evidence that defendant had not been served, plaintiff's failure to confirm that process was in fact served undermines confidence

that "[t]he means employed [were] such as one desirous of actually informing the [defendant] might reasonably adopt to accomplish it." *Mullane, supra,* 339 *U.S.* at 315, 70 *S.Ct.* at 657, 94 *L.Ed.* at 874. Service at the Railroad Avenue address may have satisfied the "last known address" requirement under *Virginia Lime Co., supra,* 670 *F.*2d at 1367, had there not been a seven-month delay between the last contact and the time of service. The "last known address" requirement is "satisfied when process is sent to the address at which the parties regularly corresponded by mail, and the party serving process reasonably could expect that process would reach the defendant at that address." *Id.* at 1368 (citing *Wagner v. United States,* 473 *F.Supp.* 276 (E.D.Pa.1979)). Moreover, " 'last known address' does not mean the last address known to the plaintiff, but does mean the last address of the defendant so far as is known, that is, by those who under the ordinary circumstances of life would know it. Unless the defendant has departed for parts unknown, it means his actual address[.]" *Powell v. Knight,* 74 *F.Supp.* 191, 195 (E.D.Va.1947).

The parties did indeed correspond by mail at the Railroad Avenue address. However, August 17, 1979 was the last date of correspondence from Frey to Heath at that address prior to the date that the non-agent signed for the service by certified mail on March 15, 1980. Had Frey and Heath been in regular contact, Frey would have discovered that in 1980, because PAA was winding down, Heath had set up a telephone line whereby a call placed to the PAA address would ring at the office of his new employer in Edison. (Heath also received his mail at the Edison address once a week.) Frey could have simply used the telephone to verify that PAA was defunct and no one was working at the PAA address, and to ascertain Heath's actual address. Even if Frey did not attempt to contact Heath at the Railroad Avenue address, Heath was listed in the 1980 telephone directory for the same county in which PAA was located. From June 1979 until late 1991, Heath also resided in Manhattan where he was listed in the telephone directory. Since 1991, Heath has resided in Basking Ridge where Frey eventually served him in 1996 to enforce

the default judgment nearly seventeen years after the suit was initiated.

■ Finally, plaintiff delayed eleven years between the initiation of the Virginia suit in 1980 and its application for entry of the default judgment in 1991. Frey did not file this suit on the Virginia judgment until 1996, almost twenty years after the events that led to this litigation had transpired. This long delay compounded the potential for prejudice attendant to constructive as opposed to actual service of process.

In its report, the Law Division concluded:

[I]t is the opinion of this court that the mode and method of service utilized as against Mr. Heath, as to which there is a finding that he did not receive notice and was not in fact apprised of the pendency of the action against him is offensive to due process and to fundamental fairness. As a result, if this court were called upon to do so, I would deny the plaintiff's motion for summary judgment and would grant the defendant's cross-motion for summary judgment on this alternate ground.

We are in agreement with the opinion and recommended judgment of the Law Division. Accordingly, we reverse the judgment of the Appellate Division and direct the entry of judgment in favor of the defendant.

*For reversal*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN — 7.

*Opposed*—none.