740 A.2d 1113 (1999)
326 N.J. Super. 187
Richard BYRNES, Plaintiff-Respondent,
v.
George A. LANDRAU, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1999.
Decided November 24, 1999.
*1114 Patricia W. Holden, Westmont, for defendant-appellant (Post & Schell, attorneys; Ms. Holden, on the briefs).
Joel L. Pitman, Springfield, for plaintiff-respondent (Pitman, Pitman, Mindas & Lee, attorneys; Linda M. Sinuk, on the brief).
Before Judges STERN and KESTIN.
The opinion of the court was delivered by STERN, P.J.A.D.
We granted leave to appeal to decide whether the trial judge improperly denied defendant's motion to dismiss plaintiff's complaint for lack of in personam jurisdiction. The Law Division held that the defense can be waived (see R. 4:6-7), is waived if not timely asserted pursuant to R. 4:6-2 and 4:6-3, and was waived in this case because paragraphs 15 and 16 of defendant's answer did not assert lack of jurisdiction over the person. While paragraphs 15 and 16 stated "[t]his court lacks jurisdiction over the person of this Defendant" they referred to the "insufficiency of process or service" and to "Plaintiff's failure to effect service upon this Defendant" as the reasons for such lack of jurisdiction.[1] The trial court also indicated that a contrary ruling would result in dismissal beyond the time period for filing a complaint in Pennsylvania where the accident occurred and defendant resides. We reverse.
There is no dispute that New Jersey lacks in personam jurisdiction. As noted, defendant is a resident of Pennsylvania and the accident occurred there. Plaintiff does not assert a basis for finding either general or specific jurisdiction. See Lebel v. Everglades Marina, Inc., 115 N.J. 317, 322-24, 558 A.2d 1252 (1989); Blakey v. Continental Airlines, Inc., 322 N.J.Super. 187, 199-201, 730 A.2d 854 (App.Div.1999); Halak v. Scovill, 296 N.J.Super. 363, 366-71, 686 A.2d 1245 (App.Div.), certif. denied, 150 N.J. 28, 695 A.2d 670 (1997). Nor did the trial judge find that there was a basis for finding jurisdiction. Rather, the judge agreed with plaintiff's contention that defendant "waived" the defense of in personam jurisdiction. The judge said:
Defendant seeks to dismiss for lack of personal jurisdiction. Defendant filed an answer and in par[agraphs] 15 & 16 alleges lack of jurisdiction by reason of insufficiency of service of process. Defendant now concedes proper service but alleges lack of personal jurisdiction based on minimum contacts. Plaintiff *1115 argues defendant has not complied with R. 4:6-2, 4:6-3 & 4:6-7 in that the proper defense was not set forth in the answer and it is too late to amend. Defendant urges this is form over substance. [Rule ] 4:6-3 requires defenses raised under R. 4:6-2 [regarding] lack of jurisdiction be raised within 90 days of service of answer provided it is raised in answer.
The requirement of personal jurisdiction is an individual right and can be waived and failure to raise the defense before answering or in the answer and then by notices within 90 days results in a waiver of such objection. Generally amendments to pleadings are liberally granted. However, the specific defenses in R. 4:6-2 are deemed waived if not timely asserted[.] [T]he fact that defendant raised a jurisdictional question based on service does not cure the pleading by expanding it to include a defense regarding minimal contacts since that is a separate category of defense under the rule. A contrary ruling would result in an injustice since the statute of limitations in this matter has run both in [New Jersey] and [Pennsylvania] and defendant should not be permitted to benefit from its lack of specificity and deny plaintiff a day in court.
Rule 4:6-2 provides:
Every defense ... to a claim for relief in any complaint ... shall be asserted in the answer thereto, except that the following defenses may at the option of the pleader be made by motion, with briefs: (a) lack of jurisdiction over the subject matter, (b) lack of jurisdiction over the person, (c) insufficiency of process, (d) insufficiency of service of process, (e) failure to state a claim upon which relief can be granted, (f) failure to join a party without whom the action cannot proceed, as provided by R. 4:28-1.... No defense or objection is waived by being joined with one or more other defenses in an answer or motion.
Rule 4:6-3 provides, in part, that "[d]efenses (b)(c) and (d) in R. 4:6-2 shall be raised by motion within 90 days after service of the answer, provided that defense has been asserted therein and provided, further, that no previous motion to which R. 4:6-6 [consolidation of defenses] is applicable has been made." The relevant portion of Rule 4:6-7 provides that "[d]efenses (b)(c) and (d) in R. 4:6-2 are waived if not raised by motion pursuant to R. 4:6-3 or if omitted from a previously made motion to which R. 4:6-6 is applicable." There is no claim in this case that R. 4:6-6 is applicable. The answer to plaintiff's complaint was filed on January 22, 1999, and the motion was dated and filed March 17, 1999.[2] The motion was timely filed within ninety days of the answer. R. 4:6-3. The question before us, therefore, is whether the lack of in personam jurisdiction was sufficiently raised in the answer or whether it was waived.
Paragraphs 15 and 16 of the answer both provide that "this court lacks jurisdiction over the person of this Defendant" even though the reasons given are R. 4:6-2(c) and (d), not (b), defenses. Paragraph 15 refers to "insufficiency of process or service" and paragraph 16 refers to "plaintiff's failure to effect service." However, both defenses clearly put plaintiff on notice that defendant claimed there is no in personam jurisdiction and sufficiently warrant consideration of the motion to dismiss, which was timely filed within ninety days of the answer.
If not addressed by motion before filing an answer, an R. 4:6-2(b) defense is waived if not raised in the answer and by *1116 motion within ninety days pursuant to R. 4:6-7. Plaintiff correctly notes that R. 4:6-2, 4:6-3 and 4:6-7 require a defendant to raise the defense "either by motion before answering plaintiff's complaint, or by answer pursuant to R. 4:6-1 and then by motion within ninety (90) days after service of this answer." See Rosa v. Araujo, 260 N.J.Super. 458, 464, 616 A.2d 1328 (App.Div.1992), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993). He contends that because a motion asserting lack of jurisdiction over the person was not filed before the answer or raised sufficiently in the answer, the defense has been waived. He relies on Leon v. Febbraro, 165 N.J.Super. 205, 397 A.2d 1129 (Law Div. 1978), in which the issue was not raised in the answer or a motion filed within ninety days thereof. Plaintiff further argues that "[d]efendant Landrau's failure to raise the defense of lack of in personam jurisdiction in his original answer has cured any defect in the personal service" and that "defendant waived the defense of lack of jurisdiction over the person by failing to raise this defense in his answer."
We agree with plaintiff that "[t]he Leon case makes clear that when a defendant fails to raise the specific defense of lack of jurisdiction over the person, based on insufficient contacts [sic] even when said defendant [was] unquestionably served in an inappropriate forum [New Jersey], defendant's inaction" constituted a waiver of lack of jurisdiction. But Leon involved a "general appearance," in which the defendant made no reference to lack of jurisdiction in his answer or in any motion filed within ninety days. Id. at 207, 397 A.2d 1129. Consequently, the defendant was not permitted to raise the jurisdictional issue seven months after the filing of his answer. Ibid.
We also agree with both plaintiff and the trial judge that the defense of lack of in personam jurisdiction can be waived, and that it can be waived by lack of compliance with a state procedural rule. See, e.g., Rosa, supra, 260 N.J.Super. at 464, 616 A.2d 1328.[3] But we are dealing with a constitutionally based defense and one that goes to the very jurisdiction of the court. In this context, the waiver cannot be equivocal and a finding of waiver must be made with recognition of both the constitutional principles involved and the waiver's relationship to the Full Faith and Credit Clause regarding later enforceability of the judgment. See, e.g., Maglio & Kendro, Inc. v. Superior Enerquip Corp., 233 N.J.Super. 388, 393-94, 558 A.2d 1371 (App.Div.1989); Hupp v. Accessory Distributors, Inc., 193 N.J.Super. 701, 708, 475 A.2d 679 (App.Div.1984) (procedural preclusion of consideration of in personam jurisdiction not waiver, the court noting that "[a] judgment properly entered in accordance with local procedure is entitled to full faith and credit in any other state provided that the judgment is not entered in violation of due process of law. Thus a judgment to be valid must be founded upon adequate jurisdiction over the parties and the subject matter" (citations omitted), even though an unsuccessful challenge to in personam jurisdiction in the rendering state may not be relitigated in the state of enforcement). See also Underwriters Nat'l Assurance Co. v. North Carolina *1117 Life and Accident and Health Ins. Guar. Ass'n., 455 U.S. 691, 704-706, 102 S.Ct. 1357, 1365-66, 71 L.Ed.2d 558, 571-72 (1982); W.S. Frey Co., Inc. v. Heath, 158 N.J. 321, 729 A.2d 1037 (1999). There must be strict scrutiny given to a waiver argument in this context, given "the general rule that a judgment is entitled to full faith and crediteven as to questions of jurisdictionwhen the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186, 191 (1963). Stated differently, if a question of in personam jurisdiction is raised, our procedural rules must be viewed with an eye toward consideration of the issue on the merits. Cf. Rosa, supra, 260 N.J.Super. at 464, 616 A.2d 1328. "All pleadings shall be liberally construed in the interest of justice." R. 4:5-7. So viewed, we can find no waiver on this record.
Finally, we asked at oral argument whether defendant would waive any statute of limitations defense to a suit now commenced in Pennsylvania. The answer was unequivocally in the negative. The fact that plaintiff may not be able to recover from defendant for any injuries caused by his negligence cannot be a basis for upsetting our fundamental notion of jurisdiction. We do not suggest that plaintiff may not endeavor to seek relief from the Pennsylvania statute of limitations in that State by reason of the notice provided by the complaint filed in New Jersey.
The order under review is reversed, and the matter is remanded with directions to dismiss the complaint.
NOTES
[1] The answer provided:

15. This court lacks jurisdiction over the person of this Defendant by reason of insufficiency of process or service and this Defendant reserves the right to move for dismissal of the Complaint on that ground.
16. This Court lacks jurisdiction over the person of this Defendant by reason of Plaintiff's failure to effect service upon this Defendant, and this Defendant reserves the right to move for dismissal on that ground.
[2] The motion in the record does not embody a filing date, but there is a certification of service and filing. After opposition to the motion was filed but before the motion was argued, defendant filed an "amended motion" on April 7, 1999, still within ninety days of the answer, for leave to file an amended answer in light of plaintiff's "waiver" contention. Had the trial judge granted the amended motion and permitted the filing of an amended answer, the present issue may have become moot.
[3] In Rosa, supra, 260 N.J.Super. at 462-64, 616 A.2d 1328, Judge Keefe cited Insurance Corp. v. Compagnie des Bauxites, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), in which Justice White wrote for the majority:

In sum, the requirement of personal jurisdiction may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. These characteristics portray it for what it isa legal right protecting the individual. The plaintiff's demonstration of certain historical facts may make clear to the court that it has personal jurisdiction over the defendant as a matter of lawi.e., certain factual showings will have legal consequencesbut this is not the only way in which the personal jurisdiction of the court may arise. The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not.
[456 U.S. at 704-05, 102 S.Ct. at 2105, 72 L.Ed.2d at 502.]