**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1655-22

J.B.,[1]

    Plaintiff-Respondent,

v.

J.V.,

    Defendant-Appellant.

_____

> Submitted February 13, 2024 – Decided March 13, 2024
>
> Before Judges Gooden Brown and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FM-01-0493-19.
>
> J.V., appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

---

[1] We utilize initials to refer to the parties pursuant to Rule 1:38-3(d)(10).

In this one-sided post-judgment dissolution matter, self-represented defendant/ex-husband appeals from the October 20, 2022, Family Part order denying his motion to vacate a December 10, 2020, final judgment of divorce (FJOD).  Defendant also appeals from the January 3, 2023, order denying his motion for reconsideration.  We affirm.

I.

We glean these facts from the record.  Plaintiff/ex-wife and defendant married in 2013.  A daughter was born of the marriage in 2017.  On January 16, 2019, plaintiff obtained a final restraining order (FRO) against defendant stemming from a domestic violence incident during which defendant drove plaintiff's car through the parties' garage door and sent a text message to his stepmother threatening to "take a hatchet to his whole family."

Nine days later, on January 25, 2019, plaintiff filed a divorce complaint, seeking dissolution of the marriage, sole custody of the parties' daughter, child support, and equitable distribution of the marital assets.  About one month later, plaintiff moved for pendente lite relief, seeking, among other things, sole possession of the marital home pending sale, payment of fifty percent of the mortgage by defendant until the home was sold, sole custody of the parties' daughter, child support, modification of the parenting time order entered in the

domestic violence matter, defendant's completed Case Information Statement (CIS), and continued insurance for plaintiff and the child.

At the ensuing motion hearing conducted on March 22, 2019, defendant did not appear. Plaintiff's attorney informed the judge that Sheriff's officers had attempted to personally serve defendant at the marital home with the summons, complaint, and pendente lite motion papers. However, the officers were unsuccessful because "the power [was] turned off" and "they believe[d] the house [was] vacant." Although neighbors had seen defendant "coming and going from the property" on occasion, plaintiff's attorney informed the judge that she was unsure whether defendant was "staying there full-time" and, after conducting a records search, could not "f[in]d another address for [defendant]."

The judge inquired whether counsel had an email address for defendant and whether defendant could receive "calls or texts." Plaintiff responded she had defendant's "prior email" but was unsure whether it was still "active." Plaintiff also confirmed that defendant received text messages. The judge then directed plaintiff to send the "documents along with today's court order" to defendant via email. The same day, the judge entered a pendente lite order granting plaintiff the requested relief "without prejudice to [d]efendant's right to seek a review of th[e] order."

A-1655-22

Among other things, the order granted plaintiff "sole possession of the property" to "inhabit or continue with the sale . . . at her discretion"; directed defendant to pay "[fifty percent] of the mortgage"; granted plaintiff "[s]ole [l]egal [c]ustody" of the parties' child, "subject to the [existing] parenting plan"; directed defendant to pay plaintiff "$182 weekly for child support" "pursuant to the New Jersey Child Support Guidelines," effective the date the complaint was filed; and ordered defendant to file a completed CIS within thirty days and maintain all insurance for plaintiff and the child.

The order further stated:

> Plaintiff shall attempt service through regular and certified mail, by e-mail, and through text message, sent by [p]laintiff's father, within two days of the date of this order, and shall provide proof of service and/or the attempts of service to the court. Plaintiff shall also continue to attempt personal service on [d]efendant of the summons and complaint.

The order was amended on May 16, 2019, granting limited power of attorney to plaintiff to sell the marital home.

On July 11, 2019, through counsel, defendant filed an answer and counterclaim, admitting most of the allegations in plaintiff's complaint. Although defendant disputed his address as alleged in the complaint, he acknowledged the entry of the March 22, 2019, pendente lite order. In his

4

counterclaim, defendant asserted that he resided at a "confidential address" that had been disclosed to the court in his "[c]onfidential [l]itigation [i]nformation [s]heet." Defendant's counterclaim also demanded, among other things, dissolution of the marriage, "rehabilitative and permanent alimony," "shared legal custody" of the parties' child, child support, and designation as the parent of primary residence.

On September 6, 2019, with the consent of both parties, a second judge entered a case management order setting a schedule for completion of discovery within 120 days and ordering defendant to submit a completed CIS by September 15, 2019. On November 8, 2019, on plaintiff's motion, a third judge entered an order requiring defendant to transfer possession of the parties' vehicle to plaintiff, and directing plaintiff's attorney to sell the car and, after expenses, deposit the proceeds in the parties' escrow account. The motion arose from defendant's inaction after the vehicle was ticketed while in his possession, resulting in plaintiff being issued a drivers' license suspension notice. The November 8 order also granted plaintiff $700 in attorney's fees. Defendant represented himself at the November 8 hearing and has represented himself since.

A-1655-22

On December 18, 2019, both parties attended a case management conference conducted by a fourth judge. During the conference, defendant asked the judge to "vacate" the March 22, 2019, pendente lite order "for lack of service." Defendant explained "[t]here was absolutely no diligence made whatsoever in serving the . . . notice of the hearing." The judge responded that defendant would "have to file the appropriate motion" with notice to plaintiff for the judge to decide whether defendant was properly served. In turn, plaintiff's counsel pointed out that defendant had not provided "an actual residential address," only a post office box, and counsel "[could not] send certified mail to [a post office box]."

As a result, following the conference, the judge issued an order directing defendant to "immediately" report to the Probation Office to "provide his address." The order also permitted plaintiff to serve defendant "by first class U.S. mail and email." The order further directed defendant to file his CIS on the same date, December 18, 2019, inasmuch as defendant "ha[d] represented that it [was] currently in his possession." Additionally, defendant was ordered "to respond to . . . plaintiff's discovery requests by January 15, 2020." Finally, a case management conference was scheduled for February 12, 2020, and the

A-1655-22

parties were directed to attend a matrimonial early settlement panel (MESP) conference on March 11, 2020.

On February 11, 2020, plaintiff moved to strike defendant's pleadings and enter default, citing his "failure [to] respond to discovery in accordance with [Rule] 4:23-5." In support, plaintiff submitted a certification averring that following the entry of the March 22, 2019, pendente lite order, her attorney had sent the complaint, summons, and pendente lite order and motion papers to defendant "via regular and certified mail" as well as to two different "email addresses." Additionally, plaintiff's father had "sent . . . the documents to [d]efendant's last known cell number" via text message. According to the certification, "the [p]roof of [m]ailing and [a]cceptance indicated that the return receipt (green card) from the certified mailing was returned as signed" and "the text message indicated [the documents were] delivered." In her certification, plaintiff also recounted numerous communications between her attorney and defendant using the same email address to which the documents had been sent.

The judge heard oral argument on the motion on March 6, 2020. Defendant did not appear. In an order entered on October 22, 2020,[2] the judge

---

[2] The delay is unexplained in the record.

granted plaintiff's motion, "dismiss[ing]" defendant's pleadings and listing the matter for a default hearing on December 10, 2020.

Prior to the hearing date, plaintiff filed a Notice of Proposed Final Judgment (Notice), in accordance with Rule 5:5-10.[3]  In a supporting certification, plaintiff's counsel averred:

> On November 19, 2020, I attempted to hand-deliver a copy of [p]laintiff's Notice . . . and accompanying documents to . . . . [d]efendant's last known address as he represented in [c]ourt on December 18, 2019, however I was advised by staff at the UPS store [on] this date, that [defendant] has not maintained this address since December 12, 2019.
>
> . . . Therefore, on November 19, 2020, I sent [p]laintiff's Notice . . . via email to [defendant].

On December 10, 2020, the judge conducted the scheduled default hearing via telephone.  Defendant did not appear.  Following the hearing, the judge entered an FJOD.  Among other things, the FJOD granted plaintiff "sole legal and sole physical custody" of the parties' child; suspended defendant's parenting time until further court order; continued defendant's $182 weekly child support obligation; added $4,246.77 to defendant's child support arrears for

---

[3]  Where a default has been entered, Rule 5:5-10 provides for the entry of default judgment in matrimonial litigation involving issues of equitable distribution, alimony, and child support, and sets forth the requirements, including notice, for a party filing for default judgment.

unreimbursed educational and medical expenses; and ordered defendant to maintain a $500,000 life insurance policy with the child as the beneficiary until her emancipation. The FJOD also directed defendant to pay plaintiff a total of $47,917.17 as equitable distribution, and awarded plaintiff the lion's share of the proceeds from the sale of the marital home.

Defendant filed a notice of appeal from the December 10, 2020, FJOD. In an unpublished decision, we dismissed defendant's appeal without prejudice. Vanderwall v. Vanderwall, No. A-1211-20 (App. Div. May 18, 2022) (slip op. at 2). We explained:

> Defendant primarily argues that the judge violated his constitutional rights by conducting the proceeding without his presence. Before the hearing that led to the FJOD, defendant did not move to vacate the order suppressing/dismissing his pleadings. By not doing so, his answer and counterclaim remain suppressed and dismissed. After the Zoom hearing, defendant did not move to vacate the FJOD. Although the judge was within his discretion under Rule 5:5-10, on this record, we decline to assess the merits of defendant's appeal, which we dismiss without prejudice.
>
> If desired, defendant can file motions in the trial court seeking to vacate the suppression/dismissal order and the FJOD. We take no position on the merits of those motions, or any other motions defendant might file in the trial court.
>
> [Id. at 2-3.]

A-1655-22

Thereafter, on July 22, 2022, defendant moved in the trial court to "vacate" the March 22, 2019, pendente lite order as well as "all orders issued after March 22, 2019[,]" pursuant to Rule 4:50-1(e). Defendant asserted that the March 22, 2019, order and all subsequent orders were "void" because he was not properly served in violation of his "[c]onstitutional [r]ight to [d]ue [p]rocess." Plaintiff opposed the motion and cross-moved for various relief not pertinent to this appeal. On October 14, 2022, with both parties present, the judge conducted oral argument. During the initial colloquy, defendant admitted under oath that he had received the Notice but failed to appear at the December 10, 2020 default hearing because he "didn't see much purpose in wasting time."

Although the judge questioned the propriety of entering the March 22, 2019, pendente lite order when there was an "acknowledge[ment] on the record that there had been no service of process," the judge rejected defendant's challenge to the pendente lite order and all subsequent orders, explaining that defendant "should have made the appropriate motion" if he "thought . . . there was a problem with the service." According to the judge, although defendant had multiple opportunities to seek correction of the orders, he failed to "file[] a motion or . . . do[] anything" despite being advised by two different judges that he "could file a motion and seek relief" from the orders.

The judge continued:

> [Defendant] did not avail [him]self of any of the remedies available to [him] prior to the divorce . . . pleading and . . . [he] did not file a motion . . . .
>
> [Defendant] candidly admitted here [he] decided just not to show up at the equitable distribution hearing because [he] felt that it wouldn't be a good use of time. That's okay and I understand it, but . . . these issues have consequences and the consequence is that a[n] [FJOD] was entered and I'm not going to disturb that.
>
> [I find] that [defendant] waived [his] opportunity. [Defendant is] estopped from vacating [the FJOD]. First of all, [he is] more than a year away. I understand that [he] filed the appeal so . . . a strong part of my decision . . . is . . . that [he] had the opportunity to ask this [c]ourt . . . [and other judges] to amend [the] decision and [defendant] didn't. It's called . . . sleeping on your rights.

The judge entered a memorializing order on October 20, 2022.

Defendant moved for reconsideration. Following oral argument conducted on December 8, 2022, the judge denied the motion substantially for the same reasons. In an oral opinion on the record, the judge relied on <u>Mallamo v. Mallamo</u>, where we stated that "pendente lite support orders are subject to modification prior to entry of final judgment" and "at the time of entry of final judgment." 280 N.J. Super. 8, 12 (App. Div. 1995). The judge reiterated his qualms about the prior judge having entered the pendente lite order "where, quite

candidly, [defendant] didn't have notice of that proceeding." However, because defendant did not file a motion prior to the entry of the FJOD, "to address whatever unfairness he deemed occurred" when the pendente lite order was entered, and did not appear at the default hearing despite admitting that he received notice, the judge concluded:

> That is express waiver. By telling this [c]ourt that he had no intent on participating because he thought it was a waste of time, well, then he suffered the collateral consequences of not being involved in the litigation.
>
> Again, if he had filed an application with this [c]ourt, the [c]ourt would have made some type of determination one way or another with regard to the prior orders that were pendente lite and before the [FJOD]. But I find there has been a waiver of that remedy.

The judge entered a memorializing order on January 3, 2023, and this appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT [I]
>
> THE TRIAL COURT ERRED AS A MATTER OF RIGHTS, PROCEDURE, AND LAW, BECAUSE IT FOUND THAT THE MARCH 22, 2019 HEARING WAS CONDUCTED EX-PARTE, WITHOUT SERVICE OF PROCESS, AND WITHOUT JURISDICTION OVER DEFENDANT, AND FOUND THE FJOD WAS ISSUED WITHOUT VALID

12

SERVICE OF NOTICE, BUT CONCLUDED THAT BOTH WERE VALID AND ENFORCEABLE.

POINT [II]

THE TRIAL COURT ERRED AS A MATTER OF RIGHTS, RULE, AND LAW, BECAUSE IT NEGLECTED TO CONSIDER EVIDENCE ON RECORD, INCLUDING THE COURT'S OWN FINDINGS, WHILE UNDULY CONSIDERING EVIDENCE OBTAINED BY THE COURT DURING A PROHIBITED EX-PARTE HEARING.

POINT [III]

THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT BECAUSE IT APPLIED EQUITABLE PRINCIPLE IN DEFENSE OF BAD-FAITH ACTORS.

POINT [IV]

THE TRIAL COURT ERRED AS A MATTER OF JUDICIAL IMPARTIALITY, PROCEDURE, AND RIGHTS BECAUSE IT PRESENTED A LEGAL ARGUMENT FOR WAIVER, ADVOCATING FOR PLAINTIFF, WITHOUT NOTICE TO DEFENDANT, NOR GIVING DEFENDANT AN OPPORTUNITY TO RESPOND.

POINT [V]

THE LOWER COURT ERRED, AS A MATTER OF LAW, RIGHT, AND FACT, BECAUSE IT ISSUED A FINAL ORDER, DERIVATIVE OF A VOID ORDER.

POINT [VI]

13

A-1655-22

THE TRIAL COURT AND ADVERSE PARTIES ACKNOWLEDGED ON RECORD HAVING KNOWINGLY ENGAGED IN ACTS OF PROFESSIONAL, JUDICIAL, LEGAL, AND ETHICAL MISCONDUCT, WHICH IS CONTRARY TO JUSTICE, HONESTY, AND MORALITY. (NOT RAISED BELOW.)

II.

Our consideration of this appeal is guided by well-established principles. Under Rule 4:50-1, a party may move for relief from a judgment or order based on six enumerated grounds. Defendant relied on subsection (e) of the Rule, which affords relief if "the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application." R. 4:50-1(e). "In essence, the rule is rooted in changed circumstances that call the fairness of the judgment into question." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 265-66 (2009). Under Rule 4:50-2, a Rule 4:50-1 motion citing subsection (e) must be made "within a reasonable time."

Rule 4:50-1 "[was] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." BV001 REO

14

Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)). As such, a motion for relief under Rule 4:50-1 should be granted "'sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur.'" Badalamenti by Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alterations in original) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)). Under the rule, the movant bears the burden of demonstrating his or her entitlement to relief. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).

A motion to vacate under Rule 4:50-1 "is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). That said, the "[trial] court's judgment will be left undisturbed 'unless it represents a clear abuse of discretion.'" Id. at 207-08 (quoting Little, 135 N.J. at 283). A court abuses its discretion "'when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

A-1655-22

Likewise, "[a] motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

We also review orders entered by the Family Part under a deferential standard of review. Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (citing Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence" in the record. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We owe substantial deference to the Family Part's

16

findings of facts "[b]ecause of the family courts' special jurisdiction and expertise in family matters." Id. at 413.

Thus, while we owe no special deference to the trial judge's legal conclusions, Manalapan Realty, L.P., v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we will

> "not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.
>
> [Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

Guided by these deferential principles and our thorough review of the record, we discern no abuse of discretion in the determinations made by the judge to warrant our intervention. Thus, we affirm substantially for the cogent reasons stated in the judge's oral opinions. As he argued in the trial court, defendant reiterates that his due process rights were violated because he was not provided proper notice of the March 22, 2019, motion hearing or the December 10, 2020, default hearing.

"[I]nsufficiency of process" and "insufficiency of service of process" are recognized defenses to a claim for relief. R. 4:6-2(c), (d). However, Rule 4:6-3

17

requires that defenses raised under Rule 4:6-2(c) and (d) "shall be raised by motion within [ninety] days after service of the answer, provided that defense has been asserted therein and provided, further, that no previous motion to which [Rule] 4:6-6 [consolidation of defenses] is applicable has been made."

Rule 4:6-7 further provides that Rule 4:6-2(c) and (d) defenses "are waived if not raised by motion pursuant to [Rule] 4:6-3 or if omitted from a previously made motion in which [Rule] 4:6-6 is applicable." Stated differently, "[i]f not addressed by motion before filing an answer," a Rule 4:6-2(c) or (d) defense "is waived if not raised in the answer and by motion within ninety days pursuant to R[ule] 4:6-7." Byrnes v. Landrau, 326 N.J. Super. 187, 191 (App. Div. 1999). "The use of such procedural rules to effect a waiver of an individual right grounded in the Constitution 'does not in itself violate the defendant's due process rights.'" Rosa v. Araujo, 260 N.J. Super. 458, 464 (App. Div. 1992) (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).

Here, it is undisputed that defendant did not appear at the March 22, 2019, motion hearing and plaintiff failed to provide definitive proof to the judge that defendant had been served. However, defendant subsequently filed an answer and counterclaim. Absent from his pleadings were the defenses of

18

"insufficiency of process" or "insufficiency of service of process." See R. 4:6-2(c), (d). Neither did defendant raise those defenses by motion in the ninety days thereafter as required under the Rules. See R. 4:6-3; 4:6-7; see also Murat v. Hutchinson, 16 N.J.L. 46, 46-47 (Sup. Ct. 1837) (holding that the defendant's appearance without "object[ing] to the legality of the service" constituted "a recognition by the defendant of the service of the process" and "a waiver of all objection to the form and manner of service"); Leon v. Febbraro, 165 N.J. Super. 205, 207 (Law Div. 1978) (concluding that the defendant waived his right to defend against the action for lack of jurisdiction or improper service under Rule 4:6-3 because he did not assert the defense in his answer nor file a motion within ninety days, and appeared before the court, availing himself of the court's jurisdiction).

Further, defendant's answer expressly referenced the March 22, 2019, pendente lite order, confirming that he had received the order. Additionally, as the judge pointed out, despite being advised by two separate judges that he could file a motion to vacate the March 22, 2019, order prior to the entry of the FJOD, defendant failed to take any action. Instead, defendant failed to appear at the December 10, 2020, default hearing, despite admitting under oath that he had received notice of the hearing. By failing to appear at the default hearing,

defendant missed yet another opportunity to challenge the pendente lite order. Then, approximately nineteen months after the FJOD was entered, on July 22, 2022, defendant filed the motion at issue in this appeal to vacate the judgment.

We recognize that part of the delay in filing the motion may be attributed to the filing of the prior appeal. However, throughout the litigation, defendant has appeared and submitted to the court's jurisdiction at will, making appearances at conferences of his choosing. Critically, defendant has also continuously obscured his residential mailing address from plaintiff's counsel and the court. Thus, we are satisfied the judge's decision to deny the motion based on defendant's express waiver is supported by substantial, credible evidence in the record and reflects a proper exercise of judicial discretion.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

20

A-1655-22