959 A.2d 892 (2008)
403 N.J. Super. 574
GOBE MEDIA GROUP, LLC, Plaintiff-Respondent,
v.
Luis Alberto Lucas CISNEROS, Defendant-Appellant, and
Daniel Fusaro, Defendant.
DOCKET NO. A-3524-07T2.
Superior Court of New Jersey, Appellate Division.
Submitted October 23, 2008.
Decided November 20, 2008.
*893 Miller, Meyerson & Corbo, Jersey City, for appellant (Savio D. Figaro, of counsel and on the brief).
Victor K. Brown, Dumont, for respondent.
Before Judges WINKELSTEIN, GILROY and CHAMBERS.
The opinion of the court was delivered by
GILROY, J.A.D.
Luis Alberto Lucas Cisneros appeals from the November 14, 2007 judgment entered against him in the Law Division, Special Civil Part, in the amount of $6,000, together with $64 costs. The issue presented on appeal is whether a judgment entered in favor of a business entity is voidable on appeal when the business entity was not represented by an attorney authorized to practice law in this State as required by Rule 1:21-1(c). Because we determine that the judgment is voidable on the election of the adverse party, we reverse and remand for a new trial.
Plaintiff is a limited liability company of New Jersey. In August 2005, plaintiff entered into an agreement with defendant Cisneros and defendant Daniel Fusaro for their creation of two websites at a cost of $6,000 each. The agreement required plaintiff to pay $4,000 down; $2,000 within thirty days; and the balance in installments as agreed upon prior to completion of the project. Although plaintiff paid the first two installments totaling $6,000, defendants failed to complete the websites by the agreed-upon date of October 31, 2005.
Plaintiff demanded that defendants either complete the websites or return the $6,000. On August 28, 2007, after defendants failed to comply with plaintiff's request in both respects, plaintiff, through its officers, Eric Wurtenberg and Craig Wurtenberg, filed a complaint in the Special Civil Part. The defendants filed separate answers denying the allegations asserted. On December 14, 2007, following a bench trial, the judge rendered an oral decision in favor of plaintiff and against defendants. The Court Clerk entered judgment accordingly. R. 6:6-5. Cisneros appealed, but Fusaro did not.
On appeal, Cisneros argues the trial judge erred by: 1) permitting plaintiff's officers to prosecute the action, contrary to Rule 1:21-1(c); and 2) failing to make findings of fact and state the conclusions of law supporting her decision as required by Rule 1:7-4(a).
Rule 1:21-1(c), with certain exceptions not applicable here, provides that a business entity, other than a sole proprietorship, *894 is required to appear in court through an attorney authorized to practice law in the State. Although both parties agree that it was improper for plaintiff to have filed and prosecuted its complaint through its officers, neither of whom were attorneys, they disagree as to the effect of plaintiff's failure to comply with Rule 1:21-1(c) when neither the trial judge prohibited the officers from prosecuting the action, nor had defendants objected. Cisneros contends that plaintiff's failure to be represented by an attorney rendered the trial judgment void ab initio,[1] requiring a vacation of the judgment and remand for a new trial. Plaintiff counters that the judgment is voidable, not void ab initio, but asserts that the judgment may only be voided if there was some material irregularity in the trial proceeding or if the judgment was erroneously entered.
Although not so stated, plaintiff's argument is that of plain error, that is, because defendant did not object in the trial court, we should disregard its failure to comply with Rule 1:21-1(c) "unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2. We conclude that a judgment entered in favor of a business entity when the entity was not represented by an attorney authorized to practice law in this State as required by Rule 1:21-1(c) is voidable at the election of the adverse party without a showing of a material irregularity in the trial proceeding or that the judgment was otherwise erroneously entered.
The Supreme Court is vested with the ultimate authority to make administrative rules governing practice and procedure in the courts. State v. J.M., 182 N.J. 402, 415, 866 A.2d 178 (2005); N.J. Const. art. VI, § 2, ¶ 3. The Court's constitutional authority and concomitant responsibility to regulate the practice of law includes, "`the power to permit the practice of law and to prohibit its unauthorized practice.'" In re Opinion 33 of the Comm. on the Unauthorized Practice of Law, 160 N.J. 63, 77, 733 A.2d 478 (1999) (quoting In re Opinion No. 26 of the Comm. on the Unauthorized Practice of Law, 139 N.J. 323, 326, 654 A.2d 1344 (1995)); N.J. Const. art. VI, § 2, ¶ 3.
Pursuant to its constitutional authority, the Court promulgated rules governing who may appear in court. R. 1:21-1. Subsection (c) of that rule prohibits business entities, subject to the limited exceptions contained in the rule itself, from appearing in court unless represented by an attorney. "Except as otherwise provided. . . a business entity other than a sole proprietor shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State." R. 1:21-1(c).
A limited liability company exists pursuant to the authority extended by the Legislature under the New Jersey Limited Liability Company Act (Act). N.J.S.A. 42:2B-1 to -70. Under the Act, a limited liability company is authorized to engage in "any lawful business, purpose or activity," N.J.S.A. 42:2B-8a, and any member of *895 a limited liability company may "bring an action in the Superior Court in the right of a limited liability company to recover a judgment in its favor" if other managers and members of the company vested with the authority to do so failed to act, N.J.S.A. 42:2B-60. However, that right to pursue a judgment on behalf of a limited liability company is subject to Rule 1:21-1(c). We conclude that the effect of a business entity's failure to be represented in a court proceeding by an attorney renders the judgment voidable at the election of the adverse party, not void ab initio. Jardine Estates, Inc. v. Koppel, 24 N.J. 536, 539, 133 A.2d 1 (1957).
In Jardine Estates, the plaintiff corporation entered into an installment contract for the construction and sale of a single-family home. Id. at 539, 133 A.2d 1. Asserting default in payments, the plaintiff filed an action for possession of the premises. Ibid. The defendants counterclaimed, contending that the plaintiff failed to complete the construction of the home in accordance with the terms of the contract. Ibid. Following the withdrawal of its counsel, the plaintiff was granted leave to prosecute the action through its principal. Id. at 540, 133 A.2d 1. The trial court dismissed the complaint for failure to prove notice of default, and the jury returned a verdict in favor of the defendants on their counterclaim in the amount of $10,000. Id. at 538-40, 133 A.2d 1. On appeal, the plaintiff argued in part that the judgment was void because, contrary to R. 1:12-1(c), predecessor to R. 1:21-1(c), it should not have been permitted to proceed without representation of counsel. Id. at 540, 133 A.2d 1. In rejecting the plaintiff's argument, the Court held:
We have difficulty in subscribing to an interpretation of the rule which renders a judgment void, instead of merely voidable at the option of the opposing party, when a corporation illegally appears through its agent. There is no reason why the prevailing party should have to try the authority of the corporate representative as well as his own case.
[Id. at 541, 133 A.2d 1.]
Simply stated, the Court determined that the corporation could not profit from its own wrongdoing and "avoid an adverse decision because it appeared improperly by an agent and not by an attorney-at-law." Ibid. Accordingly, the Court affirmed the dismissal of the complaint, but reversed the judgment on the counterclaim determining that damages were awarded on claims not asserted in the pretrial order. Id. at 540-42, 133 A.2d 1.
Although we recognize that the present case presents the opposite side of the coin of Jardine Estates because it is the adverse party who seeks to vacate the judgment entered against it, not the offending business entity, we are satisfied that the same principle is applicable, that is, the judgment is voidable at the option of the adverse party. We determine that it is not incumbent on the adverse party to prove plain error, or as contended by plaintiff, that there was some material irregularity in the trial proceeding or that the judgment was erroneously rendered. Although both parties in this matter acted pro se, it was plaintiff, the business entity, who violated the rule. To require the adverse party to prove plain error would open the door for business entities to appear in court without counsel in hope of succeeding in the action, and if challenged on appeal, shift the burden to the adverse party to prove plain error. We conclude that the more appropriate remedy is to establish a bright line test on appeal to discourage business entities from violating Rule 1:21-1(c) in the first instance. Accordingly, we reverse the judgment *896 entered against defendant Cisneros and remand for a new trial.
We recognize that, to the extent that we determined that a judgment entered in favor of a business entity without representation of counsel is voidable rather than void, at the option of the adverse party without proving plain error, our decision may be viewed by some as enunciating a new rule of law. To the limited extent that our decision may be considered as a "`change in . . . the judicial view of an established rule of law[,] [it] is not such an extraordinary circumstance' as to justify relief from a final judgment where the time to appeal has expired." Hartford Ins. Co. v. Allstate Ins. Co., 68 N.J. 430, 434, 347 A.2d 353 (1975). We hold that our decision is applicable to this case and prospective cases but not to cases previously decided that are beyond the time for reconsideration or direct appeal. Ross v. Rupert, 384 N.J.Super. 1, 8-10, 893 A.2d 725 (App.Div.2006). This limited application "rests principally upon the important policy that litigation must have an end." Hartford Ins. Co., supra, 68 N.J. at 434, 347 A.2d 353.
Reversed and remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Void ab initio is defined as "[n]ull from the beginning." Black's Law Dictionary, 1604 (Deluxe 8th ed. 2004), while "voidable" is defined as "[v]alid until annulled . . . capable of being affirmed or rejected at the option of one of the parties." Id. at 1605. As the terms are applied to a judgment, a "void judgment" is "[a] judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected . . . . From its inception, a void judgment continues to be absolutely null." Id. at 861. Whereas, a "voidable judgment" is one "that although seemingly valid, is defective in some material way." Ibid.