**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1006-17T4

KORNEGAY CONSTRUCTION,
LLC,

     Plaintiff-Respondent,

v.

UNIVERSITY HEIGHTS
CONDOMINIUM ASSOCIATION,
INC.,[1]

     Defendant-Appellant.

_____

Argued April 29, 2019 – Decided May 14, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. DC-012131-16.

Paul F. Campano argued the cause for appellant (Heinkel Law Firm, LLC, attorneys; Jessica A. Tracy, on the brief).

Respondent has not filed a brief.

_____

[1]  Improperly pled as University Heights Condominiums.

PER CURIAM

In this breach of contract action, defendant University Heights Condominium Association, Inc. appeals from an October 11, 2017 Special Civil Part order, denying its motions to: vacate a final judgment for plaintiff Kornegay Construction, LLC; set aside the writ of execution; and quash plaintiff's information subpoena. For the reasons that follow, we reverse and remand for a new trial.

We summarize the pertinent procedural history that forms the focal point of defendant's appeal from the trial court's oral decision following argument on defendant's motions.

In November 2016, plaintiff Kornegay Construction, LLC filed a complaint in the Small Claims Section of the Special Civil Part, demanding damages in the jurisdictional amount of $3000 plus costs. Anthony O. Kornegay (Kornegay), a non-attorney,[2] filed the complaint on behalf of plaintiff. See R. 6:11 (permitting "any authorized officer or employee [to] prosecute and defend

---

[2] Kornegay's affiliation with plaintiff is unclear from the record. Although the trial court noted Kornegay was plaintiff's "sole proprietor and owner," plaintiff appears to be a limited liability company. During oral argument before us, defendant claimed it presented evidence to the trial court indicating Kornegay is plaintiff's agent, and not a principal as Kornegay contended. However, defendant failed to include citations to the trial record supporting its contention.

on behalf of a party which is a business entity, whether formally incorporated or not"). Trial was scheduled for December 20, 2016.

The day before trial, defendant requested an adjournment seeking to file a counterclaim. The trial court reluctantly granted the adjournment over Kornegay's objection "in the spirit of allowing . . . defendant to prosecute . . . a counterclaim." See R. 6:4-7(a) (requiring requests for adjournment to be made "absent good cause . . . not less than 5 days before the scheduled court event").

Thereafter, defendant filed its answer and a five-count counterclaim alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, intentional misrepresentation, and negligent misrepresentation. Although the counterclaim did not set forth a sum certain for damages, it is undisputed that the amount claimed exceeded the jurisdictional amount of $3000 for small claims actions. Accordingly, the case was transferred from the Small Claims Section to the Special Civil Part's "DC" docket. See R. 6:1-2(a)(2) (jurisdictional amount); R. 6:11.[3]

---

[3] Apparently, transfer is made by the clerk's office without the necessity of filing a motion. Pursuant to Rule 6:11 (emphasis added), "Upon the filing of a counterclaim for a sum in excess of the monetary limit of the Small Claims Section, the action shall be transferred to the Special Civil Part proper upon

A-1006-17T4

Trial was rescheduled for January 23, 2017. Both parties appeared, but defendant again requested an adjournment because its "key witness" was unavailable. Kornegay objected to the adjournment because it was the second time he missed work without pay. The court denied the adjournment request and waited for the witness, but ultimately adjourned the matter when it was unable to reach the case.

Trial was held on January 30, 2017. Prior to hearing testimony, the court informed Kornegay that, because the complaint was filed by Kornegay Construction, LLC, "the [R]ules require an LLC to have an attorney." According to the trial court:

> Mr. Kornegay responded by saying that he originally filed this matter under a small claims docket and that he was told, and rightfully, that he did not need an attorney. And he was correct in that regard[], but the matter was only transferred to the [DC] docket because . . . defendant's claim of consumer fraud. . . . [requiring] treble damages, which would be three times the amount of the actual damages. And the actual damages were only $1100. So Mr. Kornegay made a plea to the [c]ourt to allow this trial to begin because he had taken off [from] work. Th[at] would [have] be[en] the third time without getting paid to pursue this matter. Defendant's attorney did not object.

payment by the defendant of the required fees." But cf. R. 6:4-1(c) (requiring a defendant whose counterclaim exceeds the $15,000 monetary limit of the Special Civil Part to make an application to transfer the action to the Law Division).

A-1006-17T4

The [c]ourt[,] understanding that Mr. Kornegay wanted to finish the trial and was willing to represent himself, and that he initially filed his matter in small claims court, which he was entitled to[; and] . . . defendant only making a claim of consumer fraud, but the actual damages being $1100[;] . . . the [c]ourt, in its discretion, allowed this matter to proceed with Mr. Kornegay representing himself since he had originally filed in small claims court. And there was no objection by defendant's attorney, nor was there any prejudice that would have come to . . . defendant by allowing Mr. Kornegay to represent himself in this matter.

. . . .

The only prejudice in th[e] court's opinion to not allowing the trial to go forward would have been to Mr. Kornegay because if the [c]ourt would [ha]ve adjourned it, the [c]ourt would [ha]ve had to give [plaintiff] at least two weeks to find an attorney. He would ha[ve] had to take off again from work and that would ha[ve] been a fourth time. And the [c]ourt found that in its discretion it was proper to allow him to proceed on his own unless he requested an adjournment for an attorney. And he had stressed to th[e c]ourt that at that time he wanted to proceed without one, that he originally filed in small claims because he did [no]t want to have an attorney. And but for the counterclaim, which was dismissed, the matter was bumped up to the [DC docket of the S]pecial [C]ivil [P]art.

The matter then proceeded to trial without a jury.[4] Kornegay represented plaintiff. At the conclusion of trial, the court entered a judgment for plaintiff in

---

[4] Defendant did not provide the trial transcript on appeal.

the amount of $2399, including costs. The court dismissed defendant's counterclaim, finding defendant failed to "prove[] a cause of action upon which relief could be granted under R[ule] 4:6-2(e) and there was no consumer fraud." Defendant did not file a motion for reconsideration nor appeal from the final judgment.

Nor did defendant satisfy the judgment. Accordingly, on April 3, 2017, plaintiff sent an information subpoena by certified mail to defense counsel. A writ of execution was issued by the court on April 5, 2017. On May 16, 2017 Kornegay, on behalf of plaintiff, filed a motion to enforce litigant's rights. Defendant did not appeal from the ensuing order granting plaintiff's motion.

However, on May 17, 2017, defendant filed a motion to vacate the judgment pursuant to Rule 4:50-1,[5] set aside the writ of execution and quash the information subpoena, or in the alternative, stay execution of the judgment pending appeal. During oral argument before the trial court, defendant contended the judgment was voidable at its election because plaintiff was not represented by an attorney at trial, the information subpoena was not certified,

---

[5] Rule 4:50-1(d) provides, in pertinent part, "[o]n motion, with briefs, and upon such terms as are just, the court may relieve a party . . . from a final judgment or order . . . [if] the judgment or order is void . . . ."

and the motion to enforce litigants rights was filed under a DC docket by Kornegay, a non-attorney. The court denied the motions.

In sum, the trial court determined defendant's motions were not filed until "[s]ome five months after the judgment was entered"[6] and only after plaintiff filed a motion to enforce litigant's rights. Finding the order and judgment were not void, the court reiterated that it granted Kornegay's request to represent plaintiff because he had already missed work three times for prior adjournments, and defendant did not object to Kornegay's representation at the time of trial. Further, the court found defendant's counterclaim "was a strategic ploy . . . to allege consumer fraud and treble damages only to allow Mr. Kornegay to have to expend monies on attorneys' fees." Thus, the court "exercised its discretion in the [S]pecial [C]ivil [P]art, [and] relaxed . . . [R]ule [1:21-1(c)] in favor of Mr. Kornegay."

On appeal, defendant renews its argument that the trial court erred by allowing plaintiff, as a limited liability company (LLC), to appear at trial and

---

[6] The judgment was entered on January 30, 2017 and defendant's motion to vacate was filed on May 17, 2017. As such, the delay was less than four months. Nonetheless, pursuant to Rule 4:50-2, a motion for relief from judgment must be filed "within a reasonable time" for certain bases, including if the judgment is alleged to be void.

file a post-trial motion through a non-attorney rather than counsel. Defendant does not, however, contend the court's decisions were incorrect on the merits.

Ordinarily, our review might be hampered by defendant's failure to provide the transcript of the trial proceedings. See R. 2:5-3(b) ("[T]he transcript shall include the entire proceedings . . . ."). Indeed, this deficiency might also prompt us simply to dismiss the appeal. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:5-3 (2019); Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (failing to provide the complete transcript may result in dismissal of the appeal); In re Zakhari, 330 N.J. Super. 493, 495 (App. Div. 2000); R. 2:8-2 (providing that an appellate court may, at any time and on its own motion, dismiss an appeal).

Here, however, defendant challenges the trial court's decision to permit Kornegay to represent plaintiff on legal grounds. Because defendant does not attack the underlying judgment on the merits, we are therefore confident we have sufficient information in the record to undertake meaningful appellate review.

Rule 1:21-1(c) governs our analysis and provides as follows (emphasis added):

> Except as otherwise provided by paragraph (d) of this rule and by R. 1:21-1A (professional corporations), R.

> 1:21-1B (limited liability companies [engaged in the practice of law]), R. 1:21-1C (limited liability partnerships), R. 6:10 (appearances in landlord-tenant actions), R. 6:11 (appearances in small claims actions), R. 7:6-2(a) (pleas in municipal court), R. 7:8-7(a) (presence of defendant in municipal court) and by R. 7:12-4(d) (municipal court violations bureau), <u>an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State</u>.

This portion of the rule "makes clear that any entity, regardless of its purpose or organization, must be represented in court by an attorney." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3 on <u>R.</u> 1:21-1(c) (2019). Because the amount in controversy exceeded $3000, the more lenient provisions of <u>Rule</u> 6:11 are inapplicable.

In <u>Gobe Media Group, LLC v. Cisneros</u>, 403 N.J. Super. 574, 575-76 (App. Div. 2008), an LLC successfully obtained a judgment in the Special Civil Part. The defendant argued, for the first time on appeal, that the Special Civil Part judge should not have allowed the plaintiff's non-attorney officer to represent the LLC at trial, and that the judgment was void ab initio. <u>Id.</u> at 576-77.

We held "that a judgment entered in favor of a business entity without representation of counsel is voidable rather than void, at the option of the

adverse party[,] without proving plain error[.]" Id. at 580. We explained that, "[t]o require the adverse party to prove plain error would open the door for business entities to appear in court without counsel in hope of succeeding in the action, and if challenged on appeal, shift the burden to the adverse party to prove plain error." Ibid. Accordingly, "the more appropriate remedy is to establish a bright line test on appeal to discourage business entities from violating Rule 1:21-1(c) in the first instance." Ibid. Consequently, we reversed and remanded for a new trial. Ibid.

Guided by these principles, we reverse the judgment on appeal, and remand for a new trial in accordance with the "bright line test" enunciated in Gobe Media and pursuant to the mandates of Rule 1:21-1(c). While we acknowledge the trial court's laudable desire to spare Kornegay any further inconvenience by adjourning the trial an additional time so that plaintiff could retain counsel, the court improperly exercised its discretion by relaxing the Rule, which applies to "appearances in small claims matters" and not to cases on the DC docket. Because we conclude the judgment must be vacated on that basis, we need not reach the additional points raised by defendant in this appeal.

On remand, the matter should be assigned to a different Special Civil Part judge. See Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005) ("In

10

an abundance of caution, we direct that this matter be remanded to a different judge for the plenary hearing to avoid the appearance of bias or prejudice based upon the judge's prior involvement with the matter . . . ."). We express no opinion about the merits of the parties' claims.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1006-17T4