**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4148-23

UNIFUND CCR LLC, AAO
FIRST NATIONAL BANK
OF OMAHA,

      Plaintiff-Respondent,

v.

CHRISTINE GARABEDIAN,

      Defendant-Appellant.

_____

        Argued September 22, 2025 – Decided November 5, 2025

        Before Judges Sabatino and Bergman.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-012379-18.

        Yongmoon Kim argued the cause for appellant (Kim Law Firm, LLC, attorneys; Yongmoon Kim and Mark Jensen, on the briefs).

        Richard J. Perr argued the cause for respondent (Kaufman Dolowich, LLP, attorneys; Richard J. Perr and Monica M. Littman, on the brief).

PER CURIAM

Defendant Christine Garabedian appeals from a Law Division order denying her motion to vacate a default judgment entered against her in a consumer debt collection action brought by plaintiff Unifund CCR LLC, AAO First National Bank of Omaha. After our review of the facts and pertinent legal principles, we affirm.

I.

We recite the relevant facts and procedural history from the record. Defendant incurred credit debt to First National Bank of Omaha in the amount of $7,282.36. After defaulting on her payments, the debt was sold in a chain of assignments. Pilot Receivables Management, LLC ("Pilot") purchased the debt, then passed it to Distressed Asset Portfolio III, LLC ("DAP III"), which subsequently passed it to plaintiff Unifund. Pilot and DAP III are passive debt buyers who do not manage or undertake collection of accounts purchased and instead, assign the account to an affiliate for servicing and collection. Neither Pilot nor DAP III held a New Jersey consumer lender or sales finance company license.

Plaintiff filed a collection complaint against defendant in July 2018, requesting to recover the outstanding debt. Plaintiff served defendant with a summons and complaint one month after filing, but defendant failed to respond

2

or otherwise appear. On February 8, 2019, plaintiff requested entry of default and a default judgment because defendant had not answered the complaint. On February 12, the court entered default judgment against defendant in the amount of $7,282.36, consisting of the loan principal, costs, and attorney's fees.

On March 11, 2019, plaintiff filed an application to attach defendant's wages. Defendant filed an objection to the application. The record is unclear whether the wage execution application was ever granted. There is no dispute defendant became aware of the judgment at that time and that she eventually satisfied the judgment in full, as plaintiff filed a warrant of satisfaction with the court on April 10, 2023.

In June 2024, approximately fourteen months after defendant satisfied the judgment, and more than six years after the default judgment was entered, defendant moved to vacate the judgment pursuant to Rule 4:50-1. Defendant argued the default judgment must be vacated because the debt was void due because Pilot and DAP III's were not licensed lenders as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA"), N.J.S.A. 17:11C-1 to -17:11C-49. Plaintiff opposed defendant's motion, asserting she did not satisfy the requirements of Rule 4:50-1, and enforcement of the judgment was not a violation of the NJCFLA as Unifund was a licensed entity.

3

The trial court heard oral argument and denied defendant's motion. The trial court found in relevant part:

> In this case I find that the defendant did not file a motion to vacate the default judgment within a reasonable time under the totality of the circumstances and this applies whether the judgment, as alleged—and I do not make this finding—was void ab initio. Even if it was[,] I find this motion is untimely and defeats the strong interest of finality of judgments and judicial efficiency when weighing against equitable notion that the court should have authority to avoid an unjust result.

The court further found defendant failed to show "excusable neglect" in not filing the motion sooner because she was aware of the judgment approximately six years earlier.

The trial court also briefly discussed laches as another potential basis for denying defendant's motion, stating that "[i]f nothing else, laches applies."

On appeal, defendant contends the trial court erred by: (1) denying her motion as the judgment should have been vacated under Rule 4:50-1(d) and Rule 4:50-1(f) because the judgment was entered in violation of the NJCFLA; and (2) employing the equitable doctrine of laches to bar defendant's requested relief.

4

II.

Generally, a court's determination whether to vacate a judgment under Rule 4:50-1 warrants substantial deference and should not be reversed unless it results in "a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (internal quotations omitted) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

"The decision [as to] whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). "The trial court's determination under [Rule 4:50-1] warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

When a court has entered a judgment, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1 which in pertinent part states:

> On motion, with briefs and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it

5

is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[Guillaume, 209 N.J. at 467 (quoting R. 4:50-1).]

A.

We first address defendant's contentions the original creditors, Pilot and DAP III, were unlicensed lenders and their assignment of the debt to plaintiff for collection subverted the purpose and violated the NJCFLA. She asserts, based on this violation, (1) the judgment is void under Rule 4:50-1(d); and (2) exceptional circumstances exist to vacate the judgment under Rule 4:50-1(f).

A "void judgment" is "[a] judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected. . . . From its inception, a void judgment continues to be absolutely null." Gobe Media Group, LLC v. Cisneros, 403 N.J. Super. 574, 577 n.1 (App. Div. 2007). "If a judgment is void and, therefore, unenforceable, it is a particularly worthy candidate for relief [under] []R[ule] 4:50-1(d)[,] provided that the time lapse is not unreasonable and an innocent third party's rights have not intervened." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003).

6

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. DEG, LLC v. Township of Fairfield, 198 N.J. 242, 269-70 (2009). It allows for relief in "exceptional situations" where hardship has been shown and, as such, its "boundaries 'are as expansive as the need to achieve equity and justice.'" 257-261 20th Ave. v. Roberto, 259 N.J. 417, 436 (2025) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 290 (1994)); see also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012) (finding a party must demonstrate exceptional circumstances to obtain relief under Rule 4:50-1(f)). We have further recognized "important factors" to be considered in deciding whether relief in such circumstances should be granted, including "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995).

Relief under Rule 4:50-1(f) is available only when "truly exceptional circumstances are present," because of the "importance that we attach to the finality of judgments." Housing Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive or

7

inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999). Although "[a] court should view the 'openings of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence…to the end that a just result is reached[,]'" there is still a requirement that the motion be made within a reasonable time. BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

Importantly, motions pursuant to both Rule 4:50-1 (d) and (f) "shall be made within a reasonable time . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. Such a determination is " based upon the totality of the circumstances" and the judge "has the discretion to consider the circumstances of each case." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Although "[a] court should view the 'openings of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached[,]'" there is still a requirement that the motion be made within a reasonable time. BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "A Rule 4:50-

1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012); Rule 4:50-2.

In support of her argument, defendant cites specific language in the NJCFLA, which states:

> A consumer lender who violates or participates in the violation of any provision of section 3 . . . of this act, shall be guilty of a crime of the fourth degree. A contract of a loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a crime of the fourth degree under this section, shall be void and the lender shall have no right to collect or receive any principal, interest or charges . . . .
>
> [N.J.S.A. 17:11C-33(b) (emphasis added).]

We conclude defendant's argument lacks merit and fails to meet the legal criteria to vacate the judgment under the subsections of Rule 4:50-1 she relies upon. The NJCFLA provides that if the Commissioner of the Department of Banking and Insurance:

> [F]inds that the financial responsibility, experience, character, and general fitness of the applicant for a new license or for a renewal of a license demonstrate that the business will be operated honestly, fairly, and efficiently within the purposes of this act, and if all other licensing requirements of this act and regulations

9

promulgated by the [C]ommissioner are met, the [C]ommissioner shall issue the license of the type sought by the applicant.

[N.J.S.A. 17:11C-7(c).]

The Department of Banking and Insurance "issue[s] licenses under th[e NJCFLA] which specify whether a licensee may act as a consumer lender or a sales finance company." N.J.S.A. 17:11C-3(b).

Further:

> Whenever it appears to the [C]ommissioner [of the Department of Banking and Insurance] that any person has engaged, is engaging, or is about to engage, in any practice or transaction prohibited by the "[NJCFLA]" . . ., the [C]ommissioner may, in addition to any other remedy available, bring a summary action in a court of competent jurisdiction against the person, and any other person concerned or in any way participating in or about to participate in a practice or transaction in violation of the "[NJCFLA]" . . ., to enjoin the person from continuing the practice or transaction engaged in, or from engaging in the practice or transaction, or doing any act in furtherance of engaging in the practice or transaction.

[N.J.S.A. 17:11C-18(h).]

"The [C]ommissioner may impose a civil penalty . . . on any person for a violation of the" NJCFLA. N.J.S.A. 17:11C-18(i). In addition, the Commissioner:

[M]ay order that any person who has been found to have knowingly violated any provision of the [NJCFLA]. . ., or of the rules and regulations issued pursuant thereto, and has thereby caused financial harm to consumers, be barred for a term not exceeding 10 years from acting as a consumer lender or sales finance company.

[N.J.S.A. 17:11C-18(j).]

In addition, the Legislature determined that a "consumer lender" who violated the licensing provision of the NJCFLA would "be guilty of a crime of the fourth degree," N.J.S.A. 17:11C-33(b), and authorized the Commissioner to punish those who violate any provision of the NJCFLA by various forms of relief; including declining to issue a license, imposing penalties in accordance with the statute, N.J.S.A. 17:11C-18, or voiding the debt. N.J.S.A. 17:11C-33(b). The statute contains no authorization of a private right of action.

Against this statutory framework, which authorizes only the Commissioner to enforce its requirements, we held the NJCFLA does not contain a private right of action. Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 180 (App. Div. 2024). Therefore, defendant was not entitled to vacate the judgment entered against her because she could not maintain a private cause of action under the NJCFLA to establish plaintiff: (1) was required to be licensed; (2) was not licensed; and (3) carried on activities that only licensed entities were empowered to conduct. Defendant first had to establish these three

11

requirements before she could assert the violations of the NJCFLA necessitate the judgment be voided or vacated. Because the basis of defendant's motion rested on an impermissible basis—a private cause of action under the NJCFLA—she failed to meet the criteria of either subsection (d) or (f) of the rule.

Defendant relies on LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103 (App. Div. 2020) and a series of unpublished federal and state cases to support her argument. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to consider the out-of-jurisdiction cases cited by plaintiff. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state."). We further note, as set forth in Rule 1:36-3, no unpublished opinion "shall constitute precedent or be binding upon any court." See, Badiali v. New Jersey Mfrs. Ins., 220 N.J. 544, 559 (2015); Guido v. Duane Morris LLP, 202 N.J. 79, 91 n.4 (2010); Mount Holly Tp. Bd. v. Mount Holly, 199 N.J. 319, 332 n.2 (2009) (reaffirming the dictate of the rule).

A-4148-23

In <u>Deangelo</u>, the defendant moved to vacate a default judgment eight years after its entry because the plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 to -1692p, by failing to file the complaint within four years after the cause of action accrued as required by the statute. <u>Deangelo</u>, 464 N.J. Super. at 106. Relying on <u>Rule</u> 4:50-1(f), the trial court vacated the judgment finding plaintiff's breach of the FDCPA outweighed defendant's inexcusable neglect. We affirmed, concluding the trial court did not abuse its discretion in weighing the requirements of the FDCPA against defendant's neglect and by finding exceptional circumstances to vacate the judgment under <u>Rule</u> 4:50-1(f).

We conclude <u>Deangelo</u> is factually and legally distinguishable from the current matter because it dealt with the FDCPA, which specifically authorizes a private right of action, while the NJCFLA does not. <u>See</u> <u>Francavilla</u>, 478 N.J. Super. at 180. Thus, the lack of licensure under the NJCFLA cannot be a basis to void or vacate a judgment under <u>Rule</u> 4:50-1(d) or (f) because defendant is not entitled to bring a private action under this statute.

In addition, motions filed pursuant to <u>Rule</u> 4:50-1(d) and (f) must be made within a reasonable time. <u>Rule</u> 4:50-2. We determine, as did the trial court, defendant's motion was not filed within a reasonable time. Defendant waited

13

approximately six years after the final judgment was entered to file her motion and, by that time, she had fully satisfied the judgment for well over a year. Defendant does not substantially contest the significant delay as being unreasonable; instead arguing the alleged violation of the NJCFLA constitutes a valid reason to void the judgment pursuant to Rule 4:50-1(d) or is an exceptional circumstance requiring vacation of the judgment pursuant to Rule 4-50-1(f).

In light of the above legal standards, we see no basis to subvert the trial court's discretion. The court's determination the motion was not filed in a reasonable time was based on substantial, credible evidence in the record including the fact defendant was fully aware of the judgment for several years prior.

## B.

We now turn to the defendant's contention that the trial court abused its discretion by relying upon the equitable doctrine of laches to deny her motion. We conclude because we have affirmed the trial court's basis for denying the motion due to the lack of timeliness under Rule 4:50-2 and we have further determined defendant was not entitled to assert a private right of action under the NJCFLA, this point is moot.

To the extent we have not specifically addressed defendant's remaining legal arguments, we conclude they are of insufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

15