**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2999-24

ANTHONY JASON EVANS,

    Plaintiff-Respondent,

v.

Q&R HOME IMPROVEMENTS
LLC and ROBERT KOSEYAN,

    Defendants-Appellants.

_____

Submitted January 22, 2026 – Decided February 17, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Monmouth County, Law Division, Docket No. L-1860-24.

Hegge & Confusione, LLC, attorneys for appellants (Michael Confusione, of counsel and on the brief).

Edmund F. Fitterer, Jr., LLC, attorney for respondent (Edmund F. Fitterer, Jr., on the brief).

PER CURIAM

Defendants Q&R Home Improvements LLC (Q&R) and Robert Koseyan (collectively, defendants) appeal from a May 15, 2025 final judgment ordering them to pay $61,534.84 to plaintiff Anthony Jason Evans. We affirm.

In early June 2021, plaintiff and Q&R signed a contract to construct a porch at plaintiff's home. Defendants represented they would apply for the municipal permits and approvals necessary to build the porch. In reliance on those representations, plaintiff paid a $7,500 cash deposit to defendants.

In mid-June 2021, Koseyan purportedly told plaintiff that he had applied for the required municipal permits and anticipated beginning work on June 24. Two days before the anticipated start of construction, Koseyan asked for an additional $4,000 in cash. Plaintiff agreed to an additional cash payment of $3,500.

Defendants demolished an existing brick façade on plaintiff's home. Because no further work proceeded, plaintiff confronted Koseyan about the delay.

Koseyan attributed the delay to the municipality, explaining the building department required time to process construction permits due to existing backlogs created by the COVID-19 pandemic. Thereafter, Koseyan said

2

construction was delayed due to a "zoning issue." Koseyan represented he would submit the required documents for a variance.

Defendants still had not performed any additional work as of December 2021. Frustrated, plaintiff contacted the building department and learned no variance application had been submitted. When plaintiff pressed Koseyan about the situation, Koseyan said he would file the application immediately.

Plaintiff followed up with the building department four months later. Again, he was told no variance application had been filed. When plaintiff confronted Koseyan, he promised to file the variance application.

Koseyan eventually filed a variance application. In April 2022, an official with the municipal zoning department contacted plaintiff regarding the variance application. The official expressed frustration with deficiencies in the application and the zoning department's inability to contact defendants to rectify the deficiencies. Because the application was incomplete and defendants had not cured the deficiencies, the zoning department denied the variance.

Defendants never returned to plaintiff's home to complete the construction work.

In June 2023, plaintiff filed a Special Civil Part complaint against defendants. In his complaint, plaintiff alleged defendants had violated the New

3

Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -233, and the governing regulations, Home Improvement Practices, N.J.A.C. 13:45A-16 to -16.2; breached the terms of the written contract and the implied covenant of good faith and fair dealing; committed common-law fraud; and made intentional and negligent misrepresentations.

On June 27, 2023, the Special Civil Part clerk mailed the summons and complaint to defendants at their known address. Defendants were required to file an answer by August 7, 2023, but failed to respond. Due to the lack of a response, the Special Civil Part clerk marked defendants in default.

Because plaintiff's damages exceeded the monetary jurisdictional limit of the Special Civil Part, specifically his request for an award of treble damages under the CFA, plaintiff filed a motion to transfer the case to the Law Division. See R. 6:1-2(a). Plaintiff served the transfer motion by regular and certified mail on defendants at their business address. The certified mail was returned as unclaimed, but the regular mail was not returned.

In a May 7, 2024 order, the court transferred plaintiff's complaint to the Law Division. Plaintiff served the transfer order on defendants via regular and certified mail. The United States Postal Service (USPS) confirmed that delivery of the certified mail to defendants was made on May 11.

A-2999-24

Because defendants failed to respond to any of the mailings related to plaintiff's litigation, plaintiff moved for the entry of default. The court entered a September 19, 2024 order declaring defendants in default.

In October 2024, plaintiff requested the entry of default judgment against defendants in the amount of $57,819. The court advised that plaintiff needed to schedule a proof hearing before a judgment could be entered. In February 2025, plaintiff moved for a proof hearing.

A week after plaintiff moved, defendants, proceeding without counsel, filed Koseyan's "certification in opposition to the entry of judgment."[1] However, default judgment had yet to be entered and defendants never moved to vacate default.

In the certification, Koseyan claimed neither he nor Q&R had been served with the summons and complaint. Koseyan further certified he "only became aware of [plaintiff's] action when [he] received through the mail plaintiff's application to enter [f]inal [j]udgment." In the certification, Koseyan argued plaintiff had failed to follow court rules for service of the summons and complaint and defendants should be allowed "an opportunity to answer the

---

[1] Because Q&R is a limited liability company (LLC), it was required to retain counsel to defend against plaintiff's action. See R. 1:21-1(c).

complaint." He further asserted stated "the complaint lack[ed] merit" because "[t]he amounts paid by plaintiff were all earned or expended on costs toward the project." At a subsequent court proceeding, Koseyan claimed legal counsel had assisted in the preparation of the certification.[2]

In response to the certification, plaintiff submitted receipts from the USPS evidencing proof of mailing. Plaintiff asserted the summons had been sent to defendants in June 2023, the motion to transfer in April 2024, and the order transferring the complaint to the Law Division in May 2024. Based on the USPS receipts, plaintiff argued defendants had received notice of the litigation.

In a February 28, 2025 order, the judge scheduled a proof hearing for May 2, 2025. In a typed notation at the bottom of the order, the judge explained she was "satisfied that defendants received notice of all prior stages of this litigation matter but failed to respond." Even though defendants failed to respond, the judge stated defendants had "the right to appear at the proof hearing . . . to contest the damages requested by plaintiff."

At the proof hearing, Koseyan appeared on his own behalf. The judge made clear that Koseyan, a non-attorney, could not appear on behalf of Q&R

---

[2] Koseyan also told the judge that the attorney who helped with the February 20, 2025 certification agreed to represent defendants.

because the corporate entity required the appearance of an attorney. The judge also explained the procedure for the proof hearing based on the entry of default. She advised Koseyan would be permitted to cross-examine plaintiff but could not present his own evidence or testimony in opposition to plaintiff's proofs.

At the proof hearing, Koseyan requested the matter be adjourned. He told the judge that defendants had legal counsel, but the attorney was unavailable due to "some personal issues." The judge denied the adjournment request, stating no attorney had entered an appearance for defendants in the matter. Further, the judge found defendants "had lots of notices" regarding the proof hearing.

The judge then read into the record the portion of Koseyan's certification asserting defendants had not been served the summons and complaint and first learned about plaintiff's litigation on receipt of the application to enter final judgment. The judge explained defendants had had two months from the date of the certification and the date of the proof hearing to seek legal counsel and move to vacate default. The judge stated that, despite having ample opportunity to retain counsel and file all appropriate motions, defendants had done neither.

Koseyan continued to object to proceeding without his attorney present. The judge responded:

A-2999-24

I've already indicated that I'm not adjourning today's proof hearing. If you wanted to have your attorney here, assuming you have an attorney in this matter which you actually don't, because no one has entered an appearance, more than ample time was provided for you to have an attorney enter an appearance. You've indicated . . . that the attorney helped you prepare [the certification]. Your attorney has had almost two and a half months to enter an appearance since he or she performed work for you in this matter and has failed to do so.

At the proof hearing, plaintiff testified he had paid $7,500 to repair his home after defendants breached the contract. Plaintiff explained he sought $18,500.00 in damages, representing the cash advances paid to defendants and the repair costs he had incurred after defendants walked off the job. Koseyan declined to cross-examine plaintiff.

After hearing the testimony, the judge determined defendants were liable for the damages sustained by plaintiff. The judge found plaintiff's testimony regarding damages to be credible. She trebled the damages under the CFA and awarded $55,500.

The judge also determined plaintiff was entitled to attorney's fees and costs under the CFA. Regarding the award of attorney's fees, the judge established a deadline for plaintiff's submission of information regarding his

attorney's fees and costs. The judge allowed Koseyan an opportunity to oppose any application for fees and costs.

Plaintiff's attorney submitted a certification of services and included a detailed invoice describing the work performed and the amount charged for the legal work. In his supporting certification, plaintiff's counsel stated his customary rate for legal services was $425.00 per hour and his paralegal's hourly rate was $165.00 per hour.

Koseyan objected, arguing the rates charged by plaintiff's counsel were disproportionately high. According to Koseyan's "independent" research, he asserted "the typical hourly rate for attorneys in this area ranges from $320.00." Koseyan also accused plaintiff's attorney of spending excessive time on various tasks and providing inadequate documentation in support of the fee application.

On May 15, 2025, the judge entered a final judgment awarding compensatory damages in the amount of $55,500 and attorney's fees and costs in the amount of $6,034.84, for a total judgment against defendants of $61,534.84. In a written rider attached to the final judgment, the judge stated she had reviewed plaintiff's testimony and documentary evidence from the proof hearing and placed her reasons for awarding compensatory damages on the record on May 2, 2025.

A-2999-24

Regarding defendants' objections to the requested fee award, the judge considered the factors set forth in Rule of Professional Conduct (RPC) 1.5 and determined the time expended by plaintiff's attorney for legal services and the rates charged were "reasonable." In rejecting Koseyan's arguments in opposition to the amount of the legal fees requested, the judge explained "Koseyan has not provided the source of his information, and the court [wa]s thus unable to make any determination on the background and experience of those other attorneys of which Koseyan speaks."

On appeal, defendants, represented by counsel, contend the judge erred in entering final default judgment, raising several arguments in support of their contention. Defendants claim they were never properly served with plaintiff's complaint. Further, they assert plaintiff failed to follow the procedural requirements for the entry of default judgment. Additionally, defendants contend the judge erred by denying them an opportunity to obtain legal counsel. Defendants also argue the amount of counsel fees awarded was excessive. We reject these arguments.

Whether to uphold a "default judgment lies within the sound discretion of the trial court, guided by principles of equity." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 293 (App. Div. 2021) (quoting Coryell, LLC v. Curry,

10

391 N.J. Super. 72, 79 (App. Div. 2006)). "The trial court's judgment will be left undisturbed 'unless it represents a clear abuse of discretion.'" Ibid. (quoting Hous. Auth. v. Little, 135 N.J. 274, 283 (1994)).

We first consider whether the judge erred in determining defendants were properly served with process. Service of process must "impart to the person affected notice of the proceeding and an opportunity to defend." Kurilla v. Roth, 132 N.J.L. 213, 216 (Sup. Ct. 1944) (citations omitted). To be valid, service of process "must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that [the defendant] may take advantage of the opportunity to be heard in [preparing a] defense." W.S. Frey Co. v. Heath, 158 N.J. 321, 325 (1999) (quoting Mariash v. Morrill, 496 F.2d 1138, 1143 (2d Cir. 1974)).

"[D]efault judgments will not be vacated for minor flaws in the service of process." Sobel v. Long Island Ent. Prods., Inc., 329 N.J. Super. 285, 292 (App. Div. 2000). A default judgment will only be vacated "for a substantial deviation from the service of process rules." Id. at 293.

Plaintiff filed his complaint in the Special Civil Part. Service of process in the Special Civil Part is governed by Rule 6:2-3(d)(1), which provides "[t]he clerk of the court shall simultaneously mail . . . such process by both certified

11

and ordinary mail." Under this rule, "service by mail shall have the same effect as personal service, and the simultaneous mailing shall constitute effective service unless the mail is returned to the court by the postal service with a marking indicating it has not been delivered." R. 6:2-3(d)(4). If the certified mail is returned to the court marked unclaimed, "service is effective provided that the ordinary mail has not been returned." Ibid.

Defendants contend the Special Civil Part clerk failed to comply with the rules governing service of process because "[t]he summons did not include any addresses for the defendants" and "[n]othing in the docket indicate[d] the address to which the clerk mailed the [c]omplaint and [s]ummons." Additionally, defendants claim plaintiff failed to serve them personally with the order transferring the matter to the Law Division. Absent proper service of the complaint, defendants assert the judge erred in entering default judgment.

We are satisfied the judge correctly concluded defendants had been properly served with process and received notice of plaintiff's action. Here, the Special Civil Part clerk mailed the summons and complaint to defendants' known address consistent with Rule 6:2-3. Plaintiff also mailed a copy of the May 11, 2024 order transferring the case to the Law Division to defendants' business address via certified and regular mail. According to the USPS, the

A-2999-24

certified mail enclosing the transfer order was delivered to defendants at their business address. The successful delivery of the certified mailing reflected the same address for defendants identified in plaintiff's complaint and used by the Special Civil Part clerk for service of the summons and complaint. Thus, we reject the argument the judge erred in determining defendants had been properly served with process and had received notice of the litigation.

We next consider defendants' argument the judge erred in entering final judgment absent a trial on the merits. We disagree.

In his certification, Koseyan stated he "became aware of this action when [he] received through the mail plaintiff's application to enter [f]inal [j]udgment." According to documents in the record, plaintiff filed the application to enter final judgment by default on October 30, 2024. Thus, defendants were aware since at least November 2024 that plaintiff had filed an action against them and they never moved to vacate default, vacate default judgment, or file any other pleadings until Koseyan filed his February 20, 2025. For the reasons we previously stated, the judge did not abuse her discretion in determining defendants had been properly served with process and had actual notice of the litigation. Because defendants failed to file a motion to vacate, there was

13

nothing improper about the judge proceeding with the proof hearing on plaintiff's claims rather than a trial on the merits.

We next address defendants' argument the judge erred in proceeding with the proof hearing despite Q&R's lack of counsel. Defendants allege the judge's "refusal to grant time for a corporate defendant to retain counsel constitute[d] an abuse of discretion" because "it led directly to the money judgment entered in the plaintiff's favor against the company." We are not persuaded.

Rule 1:21-1(c) provides "an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State." The rule applies to limited liability companies (LLCs), and Q&R does not dispute it is an LLC. See Gobe Media Grp., LLC v. Cisneros, 403 N.J. Super. 574, 576 (App. Div. 2008). As the judge explained, because Q&R is an LLC, it required counsel to represent its interest at the proof hearing.

No attorney had entered an appearance on behalf of Koseyan or Q&R. The attorney purportedly retained to represent defendants had more than ample time to enter an appearance in the case. According to Koseyan, the "certification in opposition to entry of default" was prepared with the assistance of legal counsel. Between the February 28, 2025 order scheduling the proof hearing for

14

May 2, 2025, and the May 2 proof hearing, defendants' purported attorney had almost two and a half months to enter an appearance but failed to do so.

"We review a trial court's denial of a request for an adjournment 'under an abuse of discretion standard.'" Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 233 (App. Div. 2020) (quoting State ex rel. Comm'r of Transp. v. Shalom Money St., LLC, 432 N.J. Super. 1, 7 (App. Div. 2013)). Under the circumstances, the judge did not abuse her discretion in denying defendants' request to adjourn the proof hearing.

We also reject defendants' argument that the judge's award of attorney's fees was excessive. "[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). In assessing the reasonableness of an award of counsel fees, a trial judge should consider the factors under RPC 1.5. See Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22 (2004) (citing RPC 1.5(a)).

Here, in awarding attorney's fees, the judge stated she had "considered the certification [of plaintiff's counsel] in light of the factors set forth in RPC 1.5." The judge explained she was "familiar with the hourly rates charged in the

Monmouth County area, and counsel's hourly rate [wa]s consistent with the rate charged by other attorneys with similar backgrounds and levels of experience." Moreover, the judge stated Koseyan had failed to provide information to support his argument that the hourly fee charged by plaintiff's counsel was significantly higher than the rate charged by other attorneys in Monmouth County for similar services. Absent information supporting Koseyan's contention and based on the judge's familiarity with the prevailing legal fees charged by lawyers practicing in Monmouth County and providing similar services, we are satisfied the judge did not abuse her discretion in determining the amount of time expended and the rate charged by plaintiff's counsel was reasonable in awarding legal fees.

To the extent we have not addressed any of defendants' remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2999-24